651 So.2d 819 (1995)
Anthony R. MARTIN, Petitioner,
v.
Honorable Paul MARKO, Respondent.
No. 94-3585.
District Court of Appeal of Florida, Fourth District.
March 15, 1995.
Anthony R. Martin, pro se.
No appearance for respondent.
PER CURIAM.
On January 18, 1995, we issued the following order:
Ordered, sua sponte, that this court takes judicial notice of its records. Specifically, the court takes notice of the cases filed by petitioner in a three-year period since this court issued sanctions against him in Martin v. Stewart, 588 So.2d 996 (Fla. 4th DCA), mandamus granted sub nom. Martin v. District Court of Appeal, Fourth District, 591 So.2d 182 (Fla. 1991).
During this three-year period, petitioner has filed seventeen appeals (both final and non-final) and fifteen original proceedings. He has obtained relief only once, in Martin v. Circuit Court, Seventeenth Judicial Circuit, 627 So.2d 1298 (Fla. 4th DCA 1993). In that case, the Seventeenth Judicial Circuit's injunction preventing petitioner from filing new cases without the benefit of counsel was reversed for failure to provide Martin with notice and an opportunity to be heard.
One appeal was affirmed on the merits with a published opinion, Martin v. Town of Palm Beach, 643 So.2d 112 (Fla. 4th DCA 1994). Three cases are still pending, including this petition. In none of the three pending cases has petitioner paid the filing fee of $250.00 or has indigency status been granted.
The other twenty-six cases were disposed of summarily. Thirteen cases (both appeals and petitions) were dismissed for failure to pay the filing fee. Eight appeals were dismissed for failure of petitioner to file an initial brief. Three petitions were denied without issuance of orders to show cause, indicating that on their face the petitions lacked merit. Two cases were voluntarily dismissed after the opposing side filed a motion to dismiss.
A review of these cases leads us to believe that petitioner possesses little interest in prevailing or even in obtaining a decision on the merits. Rather, he has shown a pattern of taking calculated action (or inaction) to prevent review of his claims, such as neglecting to file initial briefs and/or failing to appear at hearings to determine his indigency.
In In re Martin-Trigona, 573 F. Supp. 1245 (D.Conn. 1983), aff'd in part, remanded in part, 737 F.2d 1254, 1257 (2d Cir.1984), the district court noted that petitioner was not interested in vindication of his legal rights, finding:
On the contrary, the very purpose of Martin-Trigona's litigation is nothing other than the multiplication of litigation and the harassment of his imagined enemies *820 (and remarkably, even those having any remote connection with these `enemies') by the use of legal processes.
Based on our review of the cases filed by petitioner since this court's 1991 sanctions were entered, it is our conclusion that on many occasions he files these pleadings as a means to place into the public record scandalous personal insults about public figures and his perceived personal enemies while he is clothed with immunity under the judicial privilege. This tactic of injecting personal insults into the proceedings was first noted by the Illinois Supreme Court as part of the reason for the denial of Martin's admission to the Illinois Bar. In re Martin-Trigona, 55 Ill.2d 301, 302 N.E.2d 68 (1973), cert. denied, 417 U.S. 909, 94 S.Ct. 2605, 41 L.Ed.2d 212 (1974). It has been suggested by several courts that petitioner's behavior may be a symptom of the "moderately severe character defect" which was identified in his Selective Service records. This disorder manifests itself in "ideation with a paranoid flavor and grandiose character." In re Martin-Trigona, 573 F. Supp. at 1247, n. 5. In reviewing our own records we note that most of the insults contained in the pleadings are gratuitous, bearing little, if any, relevance to the relief requested. Petitioner names people with whom he has had no relationship whatsoever as defendants, or as non-parties referred to within his pleadings. See also In re Martin-Trigona, 573 F. Supp. at 1252. This latter strategy leaves targets unaware that they have been maligned in public court records because he does not name them as parties, so they are never served with the offending pleadings. This petition also contains the gratuitous personal insults found in many of petitioner's other cases. It also fares no better in its substance.
The United States Supreme Court has recently adopted a procedure pursuant to Supreme Court Rule 39.8 to prevent abusive filers from proceeding in forma pauperis in non-criminal proceedings by directing the clerk not to accept for filing any petitions from these individuals unless they are accompanied by the correct filing fee. Supreme Court Rule 39, the authority for these recent Supreme Court decisions, was amended in 1991 to add the following provision:
39.8 If satisfied that a petition for a writ of certiorari, jurisdictional statement, or petition for an extraordinary writ, as the case may be, is frivolous or malicious, the Court may deny a motion for leave to proceed in forma pauperis.

The Supreme Court has used this provision as authority to prospectively deny leave in several cases since that subsection was added: In re Anderson, ___ U.S. ___, 114 S.Ct. 1606, 128 L.Ed.2d 332, reh'g denied, ___ U.S. ___, 114 S.Ct. 2671, 129 L.Ed.2d 807 (1994); Day v. Day, ___ U.S. ___, 114 S.Ct. 4, 126 L.Ed.2d 1 (1993); In re Sassower, ___ U.S. ___, 114 S.Ct. 2, 126 L.Ed.2d 6 (1993); In re Demos, 500 U.S. 16, 111 S.Ct. 1569, 114 L.Ed.2d 20 (1991). In each of these cases, the court directed the clerk not to accept certain categories of new cases from the individuals identified unless the proper fee is paid at the time of filing.
Although Florida does not presently have a similar rule, it would be prudent for our supreme court to consider adopting a similar provision. However, we conclude that this court has inherent authority to prevent abuse of the judicial system, an implied power of Florida's district courts, which has been recognized expressly in Shotkin v. Cohen, 163 So.2d 330, 331 (Fla. 3d DCA 1964); Ray v. Williams, 55 (Fla. 723, 724, 46 So. 158, 159 (1908). This court has in the past successfully denied abusive litigants the right to proceed pro se, a remedy that is similar to the restriction on fee waivers. Kreager v. Glickman, 519 So.2d 666 (Fla. 4th DCA), rev. dismissed, 528 So.2d 1182 (Fla. 1988).
The use of the court's inherent authority to deny Petitioner in forma pauperis status would not be contrary to the Supreme Court's handling of this problem before Rule 39.8 was adopted. The Court had already denied abusive petitioners' indigent status in future filings under authority of the Court's pre-amendment general in forma pauperis rule, Rule 39. In re Sindram, 498 U.S. 177, 111 S.Ct. 596, 112 *821 L.Ed.2d 599, reh'g denied, 498 U.S. 1116, 111 S.Ct. 1029, 112 L.Ed.2d 1110 (1991); In re McDonald, 489 U.S. 180, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989). The Court explained in Sindram, 498 U.S. at 180, 111 S.Ct. at 597-98:
In order to prevent frivolous petitions for extraordinary relief from unsettling the fair administration of justice, the court has a duty to deny in forma pauperis status to those individuals who have abused the system.
The majority found that it had the power to fashion such a remedy for abusive filings as part of its authority to allocate the resources of the Court in a way that promotes the interests of justice. McDonald, 489 U.S. at 184, 109 S.Ct. at 996. Moreover, under Florida Rule of Appellate Procedure 9.410 we have general authority to impose sanctions for frivolous filings.
Based on the number of filings and their detrimental effect on the administration of justice, it has now reached the point where we must determine whether to deny prospectively and in this case in forma pauperis status to petitioner. Although the Supreme Court gave no indication that the petitioners were afforded notice and an opportunity to be heard before the Court prospectively denied them indigent status, we conclude that petitioner in this case should be given notice and an opportunity to respond before we dismiss this petition for failure to pay the filing fee and extend our order to include prospective refusal to accept any petition seeking to invoke our discretionary jurisdiction without payment of the filing fee.
Accordingly the petitioner, having commenced the above-styled cause by the filing of a Petition for Writ of Prohibition in the court on the 15th of December, 1994, without the deposit of the statutory filing fee, shall within ten days show cause why leave to proceed without prepayment of filing fees status should not be denied in this case and prospectively for all petitions for extraordinary relief in light of the petitioner's past pattern and practice of filing frivolous extraordinary writs and appeals. Any petition presented to the clerk's office shall be refused unless accompanied by the filing fee.
Petitioner responded by filing a motion to vacate all prior orders and moved for an extension of time to comply, alleging that he had filed a federal lawsuit against the judges of this court and several circuit court judges. A copy of the complaint was attached. Like so many of petitioner's other filings, it too contains scurrilous allegations against various judges, many of which are entirely unrelated to any proceedings involving petitioner. We deem this response as only further proof of petitioner's continued abuse of the judicial system. We note that we have issued a prior similar opinion directed to petitioner's continuous filings. See Martin v. Garrison, 20 Fla. L. Weekly D302, ___ So.2d ___ [1995 WL 35964] (Fla. 4th DCA Feb. 1, 1995).
Petitioner has abused the system by repeatedly filing petitions for extraordinary relief without payment of the fee that most citizens are required to pay in order to process their petitions through the court. He has failed to show cause why we should not deny him the indigency status which has allowed him to file these repetitive, meritless pleadings. As a sanction, we order that petitioner shall forthwith be denied indigency status in connection with petitions for extraordinary relief. The clerk is directed to refuse any such petition for filing unless accompanied by the proper filing fee.
Having failed to pay the statutory filing fee in this case, the petition for writ of prohibition is dismissed.
WARNER, STONE and PARIENTE, JJ., concur.