PER CURIAM.
After originally rejecting this pro se petition for writ of prohibition based upon our sanction imposed against petitioner’s filing of pro se petitions as an indigent, see Martin v. Marko, 651 So.2d 819 (Fla. 4th DCA 1995), we have reconsidered whether the opinion in that case extends to petitions filed in criminal cases. To date, we have not applied it to a petition from a criminal proceeding. We also note that the supreme court has similarly sanctioned petitioner in Martin v. State, 747 So.2d 386 (Fla.2000), by denying him indigency status for filing of petitions for extraordinary relief. However, its opinion, like Marko, arose from a civil proceeding, and the sanction the court imposed covered civil actions in its court, not actions arising out of direct criminal proceedings. We likewise limit Marko to civil proceedings at this time.
That is not to say that a litigant could not be sanctioned even in criminal proceedings should that litigant be an abusive burden to a court, such that the rights of other litigants may be impacted. Indeed, in another case, the supreme court has indicated that sanctions, even in criminal cases, may, in appropriate circumstances, be warranted. See Jackson v. Dep’t of Corrs., 26 Fla. L. Weekly S169, — So.2d -, 2001 WL 252147 (Fla. Mar. 15, 2001).
Petitioner advises the court that the public defender has been appointed to represent him. Generally, that appointment will preclude petitioner from filing his own petitions since he was represented by counsel. See Gilbert v. Singletary, 632 So.2d 1104 (Fla. 4th DCA 1994). Because this case was brought to this court prior to appointment of counsel, we consider it on its merits.
The petition for writ of prohibition is directed to the denial of a motion to recuse the trial judge. The motion is facially insufficient as it alleges only that the judge should be recused because of rulings adverse to the petitioner. See Barwick v. State, 660 So.2d 685, 692 (Fla.1995). To the extent that petitioner is claiming that the rulings are erroneous, that issue may be raised on appeal from that order.
The petition is denied.
WARNER, C.J., POLEN and HAZOURI, JJ., concur.