POLEN, J.
In this pro se petition, Anthony Martin seeks release from jail, where he is currently being held based on the state’s allegations that he violated the terms of his three-year probation. Martin is currently represented by the public defender’s office. He requests this court to order his public defender to file motions requesting a bail hearing and to recuse the trial judge. Mandamus does not lie for the *527 performance of a discretionary act. Eichelberger v. Brueckheimer, 613 So.2d 1372 (Fla. 2d DCA 1993). Issues of whether a bail hearing should be requested or a motion to recuse the trial judge should be filed, including the assessment of the probability of success of these motions, are matters for the sound professional judgment of the attorney representing the petitioner, and no mandatory duty is created for the public defender to file such motions. However, even if we were to entertain Martin’s petition, it would still fail under section 948.06, Florida Statutes (1999). Even though Martin may have served the year of incarceration that was required as a condition of his probation, if his probation is ultimately revoked, he may face a lengthier sentence based on his original charges.[1] Moreover, he has no right to release on bail and is not entitled to a preliminary hearing other than the first appearance at which time he would enter his plea to the probation violation charges.
Martin also requests that this court compel the clerk of the circuit court to file his various civil complaints. Because he has failed to pay the filing fees required for these complaints, we dismiss this part of his petition. See Martin v. Marko, 651 So.2d 819 (Fla. 4th DCA 1995). He cannot avoid this sanction we have heretofore imposed upon him by attempting to combine it with criminal proceedings.
DISMISSED.
WARNER, C.J., and STONE, J„ concur.

. He was previously convicted of both felony and misdemeanor criminal mischief. The felony charge carries a five-year statutory maximum.