Ex Parte Henry W. MARTIN, Jr., Appellant v. The STATE, Respondent. In Re Henry W. MARTIN, Jr. # 190394, Plaintiff v. AT & T TELEPHONE CO., INC; Southern Bell Telephone Co., Inc; Zero Plus Dialing, Co., Inc.; Parker Evatt, Comm. SCDC; and Williams C. Wallance, LEECI, Defendants.

(471 S.E. (2d) 134)

Supreme Court

Heard May 5, 1995.

## ORDER

Appellant, an inmate proceeding *pro se*, filed a motion to be allowed to proceed without costs in the circuit court. Appellant's motion, and the accompanying summons and complaint, were returned to him by the clerk of court on the basis of an order issued by the circuit's Chief Judge for Administrative Purposes. The order allowed the filing of a complaint in forma pauperis only in Employment Security Commission and Post-Conviction Relief Proceedings. Appellant has appealed the clerk's decision and asks to be allowed to proceed without costs on appeal. Appellant also asks the Court to issue a writ of mandamus ordering the lower court to comply with Rule 3(c), SCRCP, which provides for the filing of petitions to proceed in forma pauperis.

Appellant is asking this Court to review the action taken by the clerk of court without first making a motion to have a circuit judge rule on his request to proceed without costs. This Court sits to review rulings of judges

and, without a judge first determining whether appellant should be allowed to proceed without costs, this appeal is premature. Accordingly, this appeal is dismissed and the matter remanded for the circuit court judge to rule on appellant's motion. *Key v. Currie*, 305 S.C. 115, 406 S.E. (2d) 356 (1991).

■ Because of the increasing number of persons seeking to proceed in forma pauperis, we take this opportunity to give guidance as to when it is appropriate to waive filing fees. In the absence of a statutory provision allowing the general waiver of filing fees, we conclude motions to proceed in forma pauperis may only be granted where specifically authorized by statute or required by constitutional provisions. *See Tah-tinen v. Superior Court, Pinal County*, 130 Ariz. 513, 637 P. (2d) 723 (1981); *Steinkamp v. Jacque*, 36 Conn. Sup. 37, 410 A. (2d) 489 (1979); 1986 Op. S.C. Att'y Gen. No. 86-44 at 131.

Among the statutory provisions allowing or requiring waiver of filing fees are S.C. Code Ann. §§ 8-21-310(11) (Supp. 1994) (no fee must be paid to appeal from a conviction in magistrate's or municipal court); 17-27-60 (1985) (no fee required of indigent filing a postconviction relief action); 20-4-40(e) (1985) (clerks of court must assist persons seeking an order of protection from domestic abuse by giving them forms to proceed in forma pauperis); 20-7-1440 (Supp. 1994) (no court fee may be charged in delinquency and neglect actions); 41-39-30 (1986) (fee waived in a proceeding involving a claim for benefits from the Employment Security Commission); and, 44-41-34(B) (Supp. 1994) (a minor may file an action seeking consent for an abortion without paying any filing fee.) Further, where certain fundamental rights are involved, the Constitution requires that an indigent be allowed access to the courts. *Compare Boddie v. Connecticut*, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed. (2d) 113 (1971) (an indigent must be given access to courts in divorce action) and *Smith v. Bennett*, 365 U.S. 708, 81 S.Ct. 895, 6 L.Ed. (2d) 39 (1961) (an indigent prisoner may not be required to pay a filing fee for petitioning for a writ of habeas corpus) with *Ortwein v. Schwab*, 410 U.S. 656, 93 S.Ct. 1172, 35 L.Ed. (2d) 572 (1973) (no constitutional violation in requiring payment of appellate filing fee by indigents seeking review of an adverse welfare decision) and *United States v. Kras*, 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed. (2d) 626 (1973) (no

constitutional violation in requiring payment of filing fee by indigent in bankruptcy action).[1]

In the future, when an indigent litigant files a motion to proceed in forma pauperis pursuant to Rule 3(c), and the complaint does not appear to fit within one of the statutory or constitutional exceptions to the requirement of a filing fee, the clerk of court must submit the motion to a judge for a ruling as to whether the complaint does fit within one of the statutory exceptions or whether the cause of action concerns a fundamental right that requires waiver of the filing fee.

IT IS SO ORDERED.

/s/ Ernest A. Finney, C.J.
/s/ Jean H. Toal, J.
/s/ James E. Moore, J.
/s/ John H. Walker, Jr., J.
/s/ E.C. Burnett, III, J.

---

[1] The examples given are not exhaustive but are illustrations of when a motion to proceed in forma pauperis must be granted by a judge. Other statutory exceptions and other fundamental rights may require the waiver of filing fees for indigents.