478 S.E.2d 679

**In re Theron MAXTON, Petitioner.**

Supreme Court of South Carolina.

Nov. 27, 1996.

4

ORDER

Petitioner, an inmate, has submitted sixty-four *pro se* petitions over the past three years, including forty-six so far this year, asking this Court to hear matters in its original jurisdiction or issue various extraordinary writs.  Each petition submitted by petitioner has been frivolous and dismissed pursuant to *Key v. Currie*, 305 S.C. 115, 406 S.E.2d 356 (1991), because no extraordinary reason existed to entertain the matter in the original jurisdiction of this Court.

Despite the fact that petitioner has been informed numerous times that it is not appropriate to raise these matters before this Court, he has continued to file these petitions in an increasing number.  More often than not, these petitions attempt to raise claims identical to ones previously dismissed by this Court.  Further, the filing of these repetitive and frivolous petitions has wasted this Court's time and resources and has interfered with the fair administration of justice.

The courts in other jurisdictions have responded in a variety of ways to abusive filings such as those by petitioner.  The United States Supreme Court has denied litigants who have filed repetitive, frivolous petitions the right to proceed *in forma pauperis*, resulting in the litigants having to pay the required filing fee with that Court.  *In re Whitaker*, 513 U.S. 1, 115 S.Ct. 2, 130 L.Ed.2d 1 (1994); *In re Anderson*, 511 U.S. 364, 114 S.Ct. 1606, 128 L.Ed.2d 332 (1994); *In re Demos*, 500 U.S. 16, 111 S.Ct. 1569, 114 L.Ed.2d 20 (1991); *In re Sindram*, 498 U.S. 177, 111 S.Ct. 596, 112 L.Ed.2d 599 (1991); *In re McDonald*, 489 U.S. 180, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989).  Other courts have required that the abusive litigant file an affidavit certifying that he believes the petition raises an original claim or is nonfrivolous before accepting filings from the litigant.  *In the Matter of Verdone*, 73 F.3d 669 (7th Cir.1995); *Abdul–Akbar v. Watson*, 901 F.2d 329 (3d Cir. 1990); *Green v. Warden*, 699 F.2d 364 (7th Cir.), *cert. denied*, 461 U.S. 960, 103 S.Ct. 2436, 77 L.Ed.2d 1321 (1983).

Although Rule 229, SCACR, does not require a filing fee for a petition to invoke the original jurisdiction of this Court, we find that the repetitive and frivolous nature of petitioner's numerous petitions has placed a substantial enough burden on this Court's time and resources to warrant imposition of a filing fee for any future petitions of this type from petitioner. Accordingly, we direct the Clerk of Court to refuse to accept further petitions from petitioner asking this Court to entertain matters in our original jurisdiction unless he pays a $25.00 filing fee generally required for the filing of motions and petitions with this Court. *See* Rule 224(d), SCACR.

Additionally, we instruct the Clerk not to accept future petitions of this type from petitioner unless the petition is accompanied by a properly notarized affidavit by petitioner that certifies that he in good faith believes that the matter raised in the petition is nonfrivolous and proper for this Court to consider in its original jurisdiction. Petitioner is warned that should he continue to file petitions with this Court containing matter that is frivolous or not proper for this Court to consider in its original jurisdiction, he may be held in contempt or sanctioned under Rule 240, SCACR.

IT IS SO ORDERED.

/s/ Ernest A. Finney, Jr., C.J.

/s/ Jean H. Toal

/s/ James E. Moore

/s/ John H. Waller, Jr., A.J.

/s/ E.C. Burnett, III, A.J.