479 S.E.2d 808

**David E. THOMPSON, Petitioner,**

v.

**STATE of South Carolina and a Clerk
of the Circuit Court, Respondents.**

Supreme Court of South Carolina.

Jan. 8, 1997.

## ORDER

Petitioner asks this Court to issue a writ of mandamus requiring a Clerk of the Circuit Court to accept for filing his application for post-conviction relief. The Attorney General's Office has filed a return in opposition.

The clerk has twice refused to accept petitioner's post-conviction relief application for filing on the ground that he has failed to comply with the provisions of 1996 Act No. 455. The Act, which adds S.C.Code Ann. §§ 24-27-100 to -400, relates to inmate litigation and, among other things, generally requires inmates to pay filing fees for civil actions through quarterly deductions from their Department of Corrections' trust accounts. However, the Act only applies where filing fees are required by law. The Act further provides that, at the time the complaint is filed, the prisoner must file a

certified copy of his trust account with the court showing the trust account balance. It is presumably this requirement that the clerk is relying on in refusing to accept petitioner's post-conviction relief application.

In this case, S.C.Code Ann. § 17–27–20 (1985) specifically states that an action for post-conviction relief may be instituted without the payment of a filing fee, regardless of a person's financial status. Accordingly, there is no filing fee *required by law*, and the clerk is erroneously refusing to accept for filing petitioner's application for post-conviction relief. Therefore, we grant the petition for a writ of mandamus and direct the clerk to accept and file petitioner's application for post-conviction relief.

IT IS SO ORDERED.

/s/ Ernest A. Finney, Jr., C.J.

/s/ Jean H. Toal, J.

/s/ James E. Moore, J.

/s/ John H. Waller, Jr., J.

/s/ E.C. Burnett, III, J.