510 S.E.2d 228

**Curtis LAKES, Appellant,**

v.

**The STATE of South Carolina, Respondent.**

**No. 2917.**

Court of Appeals of South Carolina.

Submitted Nov. 4, 1998.
Decided Dec. 14, 1998.
Rehearing Denied Jan. 30, 1999.

---

Chief Attorney Daniel T. Stacey, of SC Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles M. Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Teresa A. Knox and Assistant Attorney General Lawrence G. Wedekind, all of Columbia, for respondent.

PER CURIAM:

Curtis Lakes, an inmate at Allendale Correctional Institution, filed and timely served a petition for writ of habeas corpus in the common pleas court of Orangeburg County. Lakes also submitted a motion and proposed order to proceed *in forma pauperis.* By order dated September 29, 1997, the trial judge denied Lakes's motion. Lakes appeals, alleging the trial judge erred in denying the motion to proceed *in forma pauperis.*[1]

---

1. Because oral argument would not aid the court in resolving the issue on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.

## FACTS

Lakes was convicted and sentenced for kidnaping, armed robbery, and assault and battery with intent to kill in 1989. His conviction and sentence were upheld by our supreme court after review pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Lakes filed an application for post-conviction relief (PCR) in May of 1991. After Lakes submitted three amended PCR applications, Judge Walter J. Bristow held a full evidentiary hearing at which Lakes was present and represented by co-counsel. The trial judge denied and dismissed Lakes's PCR application by order dated January 27, 1993. Lakes filed a *pro se* motion to alter, amend, or modify judgment February 11, 1993. A few days later, Lakes's attorney filed a notice of appeal from the order denying PCR. The trial court denied Lakes's motion to modify the judgment March 7, 1993. In July of 1993, Lakes's appellate counsel filed a motion of stay of appeal, as well as a motion to remand for supplementation. These motions were denied by our supreme court September 9, 1993.

Lakes's appellate counsel petitioned the supreme court for writ of certiorari September 29, 1993. The supreme court refused certiorari June 8, 1994.

According to the State, Lakes has filed numerous petitions and applications in addition to those previously mentioned. The State's records indicate one direct appeal, three PCR applications, two petitions for writ of certiorari, a federal petition for writ of habeas corpus, as well as numerous petitions for writs of mandamus, attorney grievances, and proposed orders for release.

In August 1997, Lakes filed a petition for writ of habeas corpus in the common pleas court of Orangeburg County. On the same day, Lakes submitted a motion and proposed order to proceed *in forma pauperis*. By order dated September 29, 1997, the trial judge denied Lakes's motion to proceed *in forma pauperis*. Lakes appeals.

## LAW/ANALYSIS

An appellate court has jurisdiction to review an order affecting a substantial right when the order has the effect of

discontinuing the action or preventing an appealable judgment. S.C.Code Ann. § 14–3–330(2)(a) (Supp.1997). The trial judge's order denying Lakes's request to proceed *in forma pauperis* effectively discontinued the action because Lakes's only means of bringing the action was *in forma pauperis.* Therefore, this court has jurisdiction to review the denial of the motion.

In this case, the judge should have allowed Lakes to proceed *in forma pauperis* because he is an indigent, incarcerated individual. Unless a statutory provision allows waiver of filing fees, motions to proceed *in forma pauperis* may only be granted where specifically authorized or required by law. *Ex parte Martin,* 321 S.C. 533, 471 S.E.2d 134 (1995). To the extent funds are appropriated by the General Assembly, court costs and expenses shall be made available to an indigent defendant. S.C.Code Ann. § 17–27–60 (1976). If a habeas corpus petition does not satisfy the procedural requirements or allege sufficient facts to justify a habeas corpus hearing, the petition may be treated as a PCR application. *Gibson v. State,* 329 S.C. 37, 495 S.E.2d 426 (1998). A PCR application "may be instituted without the payment of a filing fee, regardless of a person's financial status." *Thompson v. State,* 325 S.C. 58, 59, 479 S.E.2d 808, 808 (1997). A litigant proceeding *in forma pauperis* is only entitled to filing fees, not court reporter's costs or copying costs. *Quillian v. Evatt,* 308 S.C. 555, 419 S.E.2d 783 (1992).

Respondents argue the trial judge acted within his discretion in denying Appellant's request to proceed *in forma pauperis,* citing *In re Maxton,* 325 S.C. 3, 478 S.E.2d 679 (1996). In *Maxton,* an inmate submitted sixty-four *pro se* motions within a three-year time span. These motions asked the supreme court to consider matters under its original jurisdiction or issue extraordinary writs. All sixty-four petitions were summarily dismissed as frivolous. To deal with this litigious inmate, the supreme court looked at how the United States Supreme Court and courts in other jurisdictions had addressed similar situations. Ultimately, the court decided to deny the inmate the right to proceed *in forma pauperis.* The court also mandated the inmate sign a notarized affidavit that his claims were meritorious and nonfrivolous when submitting future petitions. *Id.*

According to the State, Lakes has submitted one direct appeal, three PCR applications, two petitions for writ of certiorari, a federal petition for writ of habeas corpus, petitions for writs of mandamus, attorney grievances, and proposed orders for release. Although Lakes's requests for relief are numerous, the trial judge failed to make factual findings to show the requests rise to the level of repetitive and abusive filings as in *Maxton* or those cases cited in *Maxton*.[2] Therefore, we reverse the order of the trial judge and remand the case for further proceedings consistent with this opinion. In so doing, we make no comment as to the merit of Lakes's claims. Lakes still bears the burden of proving why his application should not be dismissed as successive pursuant to

---

2. The United States Supreme Court denies litigants who have repeatedly filed frivolous petitions the right to proceed *in forma pauperis*. However, the Court has done so pursuant to its Rule 39.8. *See, e.g., In re Whitaker*, 513 U.S. 1, 115 S.Ct. 2, 130 L.Ed.2d 1 (1994) (petitioner filed 23 claims for relief that had all been denied without dissent); *In re Anderson*, 511 U.S. 364, 114 S.Ct. 1606, 128 L.Ed.2d 332 (1994) (petitioner submitted 22 separate petitions and motions in a three year time span); *In re Demos*, 500 U.S. 16, 111 S.Ct. 1569, 114 L.Ed.2d 20 (1991) (petitioner made 32 *in forma pauperis* filings with the Supreme Court, most of which challenged sanctions imposed by the lower court); *In re Sindram*, 498 U.S. 177, 111 S.Ct. 596, 112 L.Ed.2d 599 (1991) (petitioner filed 42 separate petitions and motions in three year time span, all of which were denied without dissent); *In re McDonald*, 489 U.S. 180, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989) (petitioner made 71 separate filings, all of which were denied without dissent). Rule 39.8 states:

If satisfied that a petition for writ of certiorari, jurisdictional statement, or petition for an extraordinary writ, as the case may be, is frivolous or malicious, the Court may deny a motion for leave to proceed *in forma pauperis*.

*Anderson*, 511 U.S. 364, 364, 114 S.Ct. 1606, 128 L.Ed.2d 332.

We are not aware of any similar rule in South Carolina. The court did not set forth such a rule in *Maxton*. In the absence of a duly enacted court rule, we are hesitant to broaden the scope of *Maxton* to situations such as the one before us.

Furthermore, federal district courts that require affidavits of good faith or summarily dismiss proceedings *in forma pauperis* do so pursuant to 28 U.S.C. § 1915. Under this statute, federal courts are given authority to "dismiss the case ... if satisfied that the action is frivolous or malicious." Under the Prison Litigation Reform Act (PLRA), a prisoner cannot bring an action *in forma pauperis* if on three or more prior occasions while imprisoned, the inmate has brought an action that was dismissed as frivolous or malicious. *See Evans v. Illinois Dep't*

S.C.Code Ann. § 17–27–90 (1976).  *See Foxworth v. State*, 275 S.C. 615, 274 S.E.2d 415 (1981).

**REVERSED & REMANDED.**

CURETON, GOOLSBY and HOWARD, JJ., concur.

*of Corrections*, 150 F.3d 810 (7th Cir.1998).  Once again, we are unaware of any similar legislative enactment in South Carolina.