630

583 S.E.2d 52

John H. WILLIAMS, Petitioner,

v.

STATE of South Carolina, Respondent.

No. 25668.

Supreme Court of South Carolina.

Submitted May 29, 2003.
Decided June 23, 2003.

Senior Assistant Appellate Defender Wanda H. Haile, of South Carolina Office of Appellate Defense, of Columbia; for Petitioner.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Chief, Capital & Collateral Litigation Donald J. Zelenka, Assistant Deputy Attorney General B. Allen Bullard, Jr., and Assistant Attorney General W. Bryan Dukes, of Columbia, for Respondent.

Justice WALLER:

In this post-conviction relief (PCR) action, petitioner John H. Williams' appellate counsel filed a *Johnson*[1] petition for a writ of certiorari. We denied counsel's request to be relieved and directed the parties to address the following question:

Did the PCR judge err in directing, pursuant to *In re Maxton*, 325 S.C. 3, 478 S.E.2d 679 (1996), the Georgetown County Clerk of Court not to accept any further applications for PCR from petitioner unless he pays the $70 filing fee generally required for the filing of a summons and complaint?

We subsequently granted the petition for a writ of certiorari to review this issue, and we now vacate the trial court's order.

## FACTS

Petitioner was indicted for murder. A jury convicted him of voluntary manslaughter in 1985. He was sentenced to thirty years imprisonment. This Court affirmed his conviction in an unpublished decision. *State v. Williams*, Op. No. 86–MO–077 (S.C. Sup.Ct. filed Feb. 27, 1986).

Petitioner filed his PCR application in 1986. The PCR action was dismissed. He filed a second PCR application in 1989 which was dismissed after a hearing. This Court denied certiorari in 1991. Petitioner filed a third PCR action in 1994, and again relief was denied after a hearing. This Court granted certiorari and reversed. *Williams v. State*, Op. No.2000–MO–029 (S.C. Sup.Ct. filed Mar. 13, 2000).[2]

The instant case arises out of petitioner's fourth PCR application filed in 2000. The State filed a return and motion to dismiss based in part on the ground that the application was successive. On June 23, 2000, the trial court issued a conditional order of dismissal.

---

1. *Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (1988).

2. The Court reversed citing *Jernigan v. State*, 340 S.C. 256, 531 S.E.2d 507 (2000) (where the Court held that retroactive application of amended statute that reduced the frequency of parole reconsideration hearings for violent offenders from one year to two years constituted an *ex post facto* violation).

On the same day, the trial court issued another order ("the Order"). Citing *In re Maxton*, 325 S.C. 3, 478 S.E.2d 679 (1996), the Order directed the Georgetown County Clerk of Court to not accept any further PCR applications from petitioner unless he pays the filing fee generally required for a civil action. In addition, the Order stated that any future PCR applications must be accompanied by a notarized affidavit from petitioner certifying his good faith belief that the PCR action is "nonfrivolous and proper" for the court to consider. Finally, the Order warned petitioner that "should he continue to file frivolous PCR applications," he could be held in contempt or sanctioned, and sanctions "include but are not limited to the forfeiture of all [his] earned work, education and good time credits." [3]

## DISCUSSION

Petitioner argues the trial court erred in placing restrictions on his future filings of PCR actions because his past filings do not constitute abusive filings. We agree.

In the *Maxton* case, this Court ordered Maxton, a prison inmate, to stop filing frivolous *pro se* petitions in the original jurisdiction of the Court. Maxton had filed 64 *pro se* petitions in a three-year span all of which had been dismissed pursuant to *Key v. Currie*, 305 S.C. 115, 406 S.E.2d 356 (1991). The Court characterized Maxton's numerous filings as "repetitive and frivolous" and ordered the following remedy for the "abusive" filings: the Clerk of Court was directed to refuse any further petitions from Maxton unless the filing was accompanied by (1) the $25 filing fee generally required for motions; and (2) a properly notarized affidavit certifying that he in good faith believes the matter raised in the petition is nonfrivolous and proper for the Court's original jurisdiction. The Court warned Maxton that if he continued to file frivolous petitions, he would be sanctioned under Rule 240, SCACR. *Maxton, supra.*

The Court of Appeals faced a similar issue in *Lakes v. State*, 333 S.C. 382, 510 S.E.2d 228 (Ct.App.1998). There, an inmate at Allendale Correctional Institution filed for a writ of habeas

---

3. The Order, however, did not apply to petitioner's fourth PCR application. Ultimately, that PCR action was dismissed by form order for the reasons stated in the conditional order of dismissal.

corpus and sought to proceed *in forma pauperis.* The trial court denied Lakes' request, and he appealed. Prior to his state habeas corpus action, Lakes had made several filings, including one direct appeal, three PCR applications, two petitions for a writ of certiorari, a federal habeas corpus petition, and numerous other petitions for writs of mandamus, attorney grievances, and proposed orders for release. Nevertheless, the Court of Appeals found the trial court erred in not allowing Lakes to proceed *in forma pauperis.* The *Lakes* court distinguished *Maxton* and stated "the trial judge failed to make factual findings to show the requests rise to the level of repetitive and abusive filings as in *Maxton* or those cases cited in *Maxton." Lakes,* 333 S.C. at 382, 510 S.E.2d at 230.

Turning to the instant case, the State argues that because the Order included a factual finding that petitioner's filings were abusive, the *Lakes* decision is distinguishable. Given that the facts upon which the trial court relied in its order are inaccurate, we disagree. The Order stated that petitioner's second and third PCR applications were "summarily dismissed as successive applications." The conditional order, however, stated there were evidentiary hearings held on the second and third applications. Therefore, they were not "summarily dismissed." Moreover, this Court reversed the denial of petitioner's third PCR application. Accordingly, we question the trial court's conclusion that petitioner's filings have been completely frivolous.

In addition, we disagree that petitioner's filings were repetitive and numerous. Clearly, petitioner's four applications for PCR are **much** fewer than Maxton's filings, and even significantly fewer than those of Lakes. Viewing petitioner's relatively low number of filings, we find insufficient factual basis to determine petitioner is an abusive litigant.

In sum, because petitioner has filed merely four PCR actions, and has gotten relief in one, his filings are neither repetitive, numerous, nor totally frivolous. This is clearly a situation distinguishable from that in *Maxton.*

## CONCLUSION

We hold the trial court erred in sanctioning petitioner with a *Maxton* order. Accordingly, we **VACATE** the Order.

**ORDER VACATED.**

634

TOAL, C.J., MOORE AND PLEICONES, JJ., concur.

BURNETT, J., not participating.