THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
SunTrust Mortgage f/k/a Crestar Mortgage Corporation,
Respondent,
v.
Scott Gobbi a/k/a Arthur Scott Gobbi, Jara Uzenda Gobbi a/k/a Jara Carlow
Uzenda, Lyons Cove Horizontal Property Regime, Paul Himmelsbach, Defendants,
of whom Scott Gobbi a/k/a Arthur Scott Gobbi, Lyons Cove Horizontal Property Regime, and Paul Himmelsbach are
Respondents
and Jara Uzenda Gobbi is Appellant.
 
 
 

Appeal From Horry County
 Edward B. Cottingham, Circuit Court Judge
 J. Michael Baxley, Circuit Court Judge

Unpublished Opinion No. 2006-UP-243
Submitted May 1, 2006  Filed May 16, 2006

AFFIRMED

 
 
 
Jara Uzenda Gobbi, of Myrtle Beach, for Appellant.
Brian C. Gambrell and John Sanford Kay, both of Columbia, for Respondents.
 
 
 

PER CURIAM:  Jara Uzenda Gobbi appeals the trial judges decision to deny her in forma pauperis status.  We affirm.[1]
FACTS
Gobbi and her ex-husband, Scott Gobbi, had numerous properties in Myrtle Beach, South Carolina, that went into foreclosure.  Several foreclosure actions were filed against Gobbi, and she removed them to federal court.  Gobbi also filed several civil actions in state court against the various lien holders.  In civil action number 2002-CP-26-3044, Gobbi sued SunTrust Mortgage and various other lien holders.  On December 4, 2002, Judge Baxley dismissed the action, finding the action was vexacious to the Defendants and noting that the case was successive, repetitive, and involve[d] matters which are res judicata as to all of the Defendants.  Judge Baxley ordered that Gobbi was prohibited from filing any new or additional lawsuits, motions, writs, or any documents requesting any relief of any sort . . . arising from the same core set of facts and circumstances involved in this case, upon penalty of contempt . . . .  
In the underlying matter, the Bank of New York sought to foreclose on one of Gobbis properties in case number 02-CP-26-3774.[2]  Thereafter, the claim was transferred to SunTrust Mortgage.  At some point in time, SunTrusts original attorney was relieved.  Gobbi filed several motions, including a motion to compel the answers of her co-defendants; a motion to dismiss; a motion to proceed in forma pauperis and exempt service on non-answering defendants; and a motion to compel the grounds for relieving SunTrusts former attorney.   
On January 5, 2004, hearings were held before Judge Cottingham on thirty-eight motions in numerous suits involving Gobbi.  After the hearing on the motions in case number 02-CP-26-3774, Judge Cottingham orally granted Gobbis motion to proceed in forma pauperis; granted her request not to serve the non-answering defendants; and denied the remaining motions.  A form order was issued to that effect that same day.  On January 8, 2004, Judge Cottingham sua sponte reconsidered his ruling on the in forma pauperis status.  Judge Cottingham issued another form order stating: After review I have concluded my order of Jan 5, 2004 allowing the defendant Jara Gobbi to proceed in forma pauperis was improvidently granted, and that motion is hereby denied.  Judge Cottingham denied Gobbis motion for reconsideration in a formal order, noting that he reversed his decision on the in forma pauperis status after reflection and review of the voluminous record involving the litigation involving Defendant Jara Gobbi.  He held that requiring Gobbi to pay the filing fee would act as a deterrent to abusive and frivolous filings.  Judge Cottingham further found that Gobbi had previously been sanctioned for abusive and frivolous filings on two prior occasions by Judge Baxley, and [had] been threatened with sanctions by the Honorable Cameron M. Currie.  In light of her prior history of litigation and discovery abuse, Defendant Jara Gobbis request for leave to proceed informa pauperis is again DENIED.  This appeal followed.  
LAW/ANALYSIS
I.  Subject Matter Jurisdiction
Gobbi argues Judge Cottingham lacked jurisdiction in the underlying matter and the order denying in forma pauperis status was void.  She asserts Judge Baxley previously ruled on the matters, Judge Baxleys prior order was res judicata, and Judge Baxley should have been the judge to rule on her motions.  We disagree.
Initially, we address whether the judge had jurisdiction to sua sponte change the order regarding the in forma pauperis status.  Under Rule 59(e), SCRCP, the trial judge has only ten days from entry of judgment to alter or amend an earlier order on his own initiative absent a reservation of jurisdiction in the form order.  Leviner v. Sonoco Prod. Co., 339 S.C. 492, 494, 530 S.E.2d 127, 128 (2000).  Judge Cottingham sua sponte reversed his order granting Gobbi in forma pauperis status three days after its issuance.  This is within ten days of entry of judgment.  Thus, Judge Cottingham had the jurisdiction to change the order on his own initiative.  Id.  
We now turn to Gobbis allegation that Judge Baxley, not Judge Cottingham, had jurisdiction over the underlying matter.[3]  
The South Carolina Rules of Civil Procedure provide a mechanism for replacing a judge when he or she is unable to continue in a case:

If by reason of death, sickness, or other disability, a judge before whom an action has been tried is unable to perform the duties to be performed by the court under these rules after a verdict is returned or findings of fact and conclusions of law are filed, then the resident judge of the circuit or any other judge having jurisdiction in the court in which the action was tried may perform those duties; but if such other judge is satisfied that he cannot perform those duties because he did not preside at the trial or for any other reason, he may in his discretion grant a new trial.

Rule 63, SCRCP.[4]  
At the January 5, 2004 motions hearing in the underlying action, Gobbi argued civil action number 2002-CP-26-3774 should be dismissed because Judge Baxleys prior order held that all of the issues concerning foreclosure had been decided and that no further actions should be filed under penalty of contempt.  After Judge Cottingham denied her motions, she moved for reconsideration, requesting a ruling as to whether jurisdiction was with Judge Baxley or with Judge Cottingham.   
Gobbi argued at the hearing on the motion for reconsideration that Judge Baxley still had jurisdiction over the matter.  In his March 4, 2004 order, Judge Cottingham ruled that Judge Baxley was disabled for the purposes of Rule 63, SCRCP, because he was no longer assigned to that judicial circuit:

At the hearing, the issue was raised of whether Judge Baxley, a Circuit Court judge temporarily assigned to Horry County from another judicial circuit is disabled pursuant to Rule 63, SCRCP.  At the hearing, I ruled that because Judge Baxley is no longer assigned to this judicial circuit, he was disabled pursuant to Rule 63, SCRCP.  Therefore the Chief Administrative Judge of the Fifteenth Judicial Circuit took the appropriate step to reassign this case to me to make all necessary determinations in this case.  Upon further review, my ruling was appropriate in light of Ness v. Eckerd Corp., 350 S.C. 399, 566 S.E.2d 193 (Ct. App. 2002).  

Gobbi asserts Judge Cottingham erred in his ruling because Judge Baxley was not sick, deceased, or otherwise disabled merely because he was out of the circuit.  However, we agree with Judge Cottingham that Judge Baxley was no longer assigned to the circuit.  Nothing in the record indicates that Judge Cottingham could not become familiar with the case.  There is no evidence in the record that Judge Baxley was the only judge assigned to Gobbis numerous civil actions.  Further, judicial ecomony was served when Judge Cottingham was assigned as the judge to hear all thirty-eight motions on January 5, 2004.  Because the intent of Rule 63 is to allow a smooth transition from a judge who is unable to complete a case to a judge who can complete the case, we find no error with Judge Cottinghams ruling.  Accordingly, Judge Cottingham properly exercised his jurisdiction to rule on Gobbis motions.  
II.  Entitlement to In Forma Pauperis Status
Gobbi argues Judge Cottingham erred in denying her in forma pauperis status because SunTrust did not object to the status.  Therefore, Gobbi argues, Judge Cottinghams decision was without evidentiary support and was arbitrary and baseless.  We find no error.
Generally, a plaintiff seeking to file an action in forma pauperis files a motion to proceed under that status along with the proposed complaint and an affidavit of indigency.  Rule 3(c), SCRCP.  However, a judge may deny a party in forma pauperis status to prevent fraud and abuse.  See In re Maxton, 325 S.C. 3, 5, 478 S.E.2d 679, 679 (1996) (denying an inmate in forma pauperis status and threatening him with sanctions where inmate had frivolously filed sixty-four motions concerning the same or related matters).  The decision to deny a party in forma pauperis status will not be reversed where there are specific findings that a partys repetitive filings are frivolous and abusive.  See Lakes v. State, 333 S.C. 382, 386, 510 S.E.2d 228, 230-31 (Ct. App. 1999) (reversing a judges denial of in forma pauperis status in a post-conviction relief action where the order failed to include factual findings that the inmates numerous filings rose to the level of the repetitive and abusive filings in Maxton). 
In her motion to proceed in forma pauperis, Gobbi alleged she was financially devastated by the more than twenty-four actions she was involved in.  Gobbi did not present any other evidence to support her allegation that she was indigent.  Evidence in the record did show, however, that Gobbi was threatened with sanctions for frivolous filings on prior occasions.  Judge Baxley ruled on matters in at least ten civil actions involving the same core facts and circumstances.  Noting that Gobbi filed additional, repetitive, non-meritorious motions in the cases after the actions were ended, Judge Baxley prohibited her from filing any new lawsuits, motions, writs or any other documents seeking relief arising from the same core set of facts upon penalty of contempt.  Judge Cameron M. Currie remanded to state court Gobbis removal of eight foreclosure actions to federal court and dismissed her initiation of one action against various attorneys and SunTrust in federal court.  In denying Gobbis motion for reconsideration, Judge Currie advised Gobbi that if she persisted in filing motions in the litigation, the court could determine the motions to be frivolous and impose sanctions pursuant to Rule 11(c), Fed. R. Civ. P.      
Judge Cottinghams order in the present case denying in forma pauperis status to Gobbi is supported by the record.  Judge Cottingham made a specific finding that Gobbi filed numerous, frivolous lawsuits concerning the same matters.  Judge Baxley and Judge Currie also warned Gobbi that her numerous filings were frivolous and could warrant sanctions.  Because Judge 
 Cottingham made specific findings that Gobbis numerous filings were frivolous and amounted to litigation abuse, we find no error with the decision to deny in forma pauperis status.  
CONCLUSION
Judge Cottingham had proper jurisdiction to determine the issues before him.  Further, Judge Cottinghams order denying Gobbi in forma pauperis status is supported by the record.  Accordingly, the order of Judge Cottingham is 
 AFFIRMED.
HUFF, STILWELL, and BEATTY, JJ., concur.

[1]  Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.
[2]  The lien holder also sought to foreclose on another of Gobbis properties in civil action number 02-CP-26-2639.  Gobbi originally appealed the lower courts decision on her motions in that case number as well.  By order dated December 13, 2004, this court determined that Gobbis appeal of all of the issues in civil action number 02-CP-26-2639 was interlocutory.  Thus, the only issue remaining on appeal for us to determine is whether the trial judge erred in denying Gobbis motion to file in forma pauperis in civil action number 02-CP-26-3774.  
[3]  We note Gobbi did not raise her argument that Judge Baxley was the appropriate judge to hear the matter until her motion for reconsideration.  Generally, this would render the matter unpreserved for appellate review.  See Eaddy v. Oliver, 345 S.C. 39, 44, 545 S.E.2d 830, 833(Ct. App. 2001) (holding that a party cannot use a motion for reconsideration to present an issue that could have been raised prior to the judgment but was not).  Nothing in Rule 63, SCRCP indicates substitution of a judge raises concerns about the subject matter jurisdiction of the court.  See Watson v. Watson, 319 S.C. 92, 93, 460 S.E.2d 394, 395 (1995) (noting that subject matter jurisdiction refers to the courts power to hear and determine cases of the general class to which the proceedings in question belong).  However, Gobbi has couched her issue in terms of subject matter jurisdiction.  Thus, we will review this matter.  Hallums v. Bowens, 318 S.C. 1, 3, 428 S.E.2d 894, 895 (Ct. App. 1993) (holding that issues of subject matter jurisdiction may be raised at any time).    
[4]  Rule 63 was amended by order dated April 28, 2004.  This amendment took effect after the hearing in this matter.  Therefore, we cite to the earlier version of the rule.