THIS OPINION HAS NO PRECEDENTIAL VALUE

THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITIED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Emory Alvin Michau, Jr., Appellant,
 
 
 

    v.

 
 
 
 South Carolina Department of Corrections, Respondent.
 
 
 

Appeal From Charleston County
R. Markley Dennis, Jr., Circuit Court Judge

Unpublished Opinion No. 06-UP-293
Submitted May 1, 2006  Filed June 23, 2006

AFFIRMED

 
 
 
 Emory Alvin Michau, Jr., of Charleston, for Appellant.
 David M. Tatarsky, S.C. Dept. of Corrections, of Columbia, for Respondent.
 
 
 

PER CURIAM: In January, 2003, Emory Michau, Jr., while incarcerated, filed a grievance against the South Carolina Department of Corrections.  Michau was unsatisfied with the result and filed an appeal with the South Carolina Administrative Law Judges Division.  The administrative law judge dismissed the appeal on October 28, 2003 due to Michaus failure to file a brief.  Michau filed a notice of appeal with the circuit court.  The circuit court judge required Michau to pay a filing fee or to move to proceed in forma pauperis.  Michau moved to proceed in forma pauperis, and the circuit court judge denied his motion on July 18, 2004.  Michau argues this denial was in error.  We disagree.
After reviewing the record on appeal, we find no error in the circuit courts denial of Michaus motion to proceed in forma pauperis.  We base this decision on the following authorities: Ex parte Martin, 321 S.C. 533, 535, 471 S.E.2d 134, 135 (1995) (holding that absent a statutory waiver of filing fees, motions to proceed in forma pauperis may only be granted where specifically authorized by statute or required by constitutional provisions);  Sullivan v. South Carolina Dept of Corrs., 355 S.C. 437, 446, 586 S.E.2d 124, 128 (2003) (holding that an inmate was not entitled to proceed in forma pauperis on his appeal from an Administrative Law Judges dismissal because there is no statutory provision allowing the waiver of filing fees for appeals brought under the Administrative Procedures Act).
AFFIRMED.[1]
Kittredge, Short, and Williams, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.