THIS OPINION HAS NO PRECEDENTIAL VALUE

THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITIED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Emory Alvin Michau, Jr., Appellant,
v.
J. Al Cannon, Sheriff of Charleston County, Henry McMaster, Attorney General of South Carolina,
Respondents.
 
 
 

Appeal From Charleston County
 R. Markley Dennis, Jr., Circuit Court Judge

Unpublished Opinion No. 2006-UP-300
Submitted May 1, 2006  Filed June 30, 2006

REVERSED and REMANDED

 
 
 
Emory Alvin Michau, Jr., of Charleston, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Deborah R. J. Shupe, Office of the Attorney General, of Columbia.
 
 
 

PER CURIAM: In February, 2001, Emory Michau, Jr. was convicted of participating in the prostitution of a minor and sentenced to three years.  The State, at the completion of Michaus sentence, petitioned for a probable cause hearing pursuant to the South Carolina Sexually Violent Predator Act, S.C. Code Ann. § 44-48-10 (2002).  On April 9, 2003, The Honorable Victor A. Rawl found there was probable cause to believe that Michau was a sexually violent predator under the statute.  The circuit court ordered Michau to be held in a secure facility and to undergo a mental examination to see if he was likely to engage in sexually violent acts if released.  Michau refused to cooperate in the mental examination, and the commitment case was continued until Michau cooperated.
On March 30, 2004, Michau filed a petition for a writ of habeas corpus with the Charleston County Clerk of Court.  In his petition, Michau asserted that he was indigent and unable to pay court fees and asked for a waiver of any fees.  On April 28, 2004, The Honorable R. Markley Dennis, Jr. denied Michaus petition to proceed in forma pauperis.   Michau argues this denial was in error.  We agree.
After reviewing the record on appeal, we find error in the circuit courts denial of Michaus motion to proceed in forma pauperis.  We base this decision on the following authorities: Ex parte Martin, 321 S.C. 533, 535, 471 S.E.2d 134, 135 (1995) (citing Smith v. Bennett, 365 U.S. 708 (1961) (an indigent prisoner may not be required to pay a filing fee for petitioning for a writ of habeas corpus)); Lakes v. State, 333 S.C. 382, 385, 510 S.E.2d 228, 230 (Ct. App. 1998)(holding the judge should have allowed Lakes to proceed in forma pauperis in his petition for a writ of habeas corpus because he was an indigent, incarcerated individual).
Although we are reversing the circuit court on this issue, we express no opinion as to whether Michau is entitled to habeas relief.  He still bears the burden of showing that he is entitled to relief based on the facts of his case.  We simply hold that it was improper for the circuit court to deny Michaus motion to proceed in forma pauperis.   
REVERSED and REMANDED.[1]
Kittredge, Short, and Williams, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.