646 S.E.2d 180

**Raymond C. HARRISON, # 316664, Appellant,**

v.

**Sherry Diane HARRISON, Defendant.**

Court of Appeals of South Carolina.

May 29, 2007.

## ORDER

Raymond Harrison, Appellant, is currently incarcerated. He sought to file for a divorce from his wife. He filed a summons and complaint with the county clerk of court, as well as a motion and affidavit to proceed *in forma pauperis*. He did not include any filing fees with his summons and complaint or the motion. The motion to proceed *in forma pauperis* was denied. Appellant then filed a motion for reconsideration. He received from the Chief Deputy Clerk of Court for Anderson County a letter that read:

We forwarded your Motion for Reconsideration to the Honorable Robert N. Jenkins, Jr., who had denied your Motion for In Forma Pauperis. Judge Jenkins returned your

Motion for Reconsideration to our office and states he will not amend his decision.

Appellant filed this appeal with a caption that reads *Ex Parte Raymond Harrison v. The State, In re Raymond Harrison v. Sherry Diane Harrison.*[1] Appellant also has filed a motion to proceed *in forma pauperis* in this court in which he indicates he has no means of earning an income while incarcerated and has no assets with which he can pay the filing fees.

In *Lakes v. State,* 333 S.C. 382, 510 S.E.2d 228 (Ct.App. 1998), this court found the order denying Lakes' request to proceed *in forma pauperis* effectively discontinued the action because Lakes' only means of bringing the action was *in forma pauperis,* and therefore, the order was immediately appealable. In *Ex Parte: Martin v. State,* 321 S.C. 533, 471 S.E.2d 134 (1995), the supreme court addressed when an inmate may proceed *in forma pauperis.* The supreme court held: "In the absence of a statutory provision allowing the general waiver of filing fees, we conclude motions to proceed in forma pauperis may only be granted where specifically authorized by statute or required by constitutional provisions." *Id.* at 535, 471 S.E.2d at 134–35 (citations omitted). The supreme court went on to state: "Further, where certain fundamental rights are involved, the Constitution requires that an indigent be allowed access to the courts." *Id.* at 535, 471 S.E.2d at 135 (citing as an example *Boddie v. Connecticut,* 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971) (an indigent must be given access to courts in divorce action)).

The United States Supreme Court stated in *Boddie:* "due process requires, at a minimum, that absent a countervailing state interest of overriding significance, persons forced to settle their claims of right and duty through the judicial process must be given a meaningful opportunity to be heard." *Boddie,* 401 U.S. at 377, 91 S.Ct. 780. The court summarized its position by stating:

[G]iven the basic position of the marriage relationship in this society's hierarchy of values and the concomitant state monopolization of the means for legally dissolving this rela-

---

1. The State filed an informal return indicating it was not a party to the underlying action and had no interest on appeal.

tionship, due process does prohibit a State from denying, solely because of inability to pay, access to its courts to individuals who seek judicial dissolution of their marriages.

*Id.* at 374, 91 S.Ct. 780.

The facts of this case indicate Appellant is indigent and seeks access to this court to appeal the denial of his motion to proceed *in forma pauperis* in the family court. *Boddie* clearly requires Appellant be allowed to proceed *in forma pauperis* both in this court and in the family court.

Appellant's motion to proceed *in forma pauperis* in this appeal is granted. Additionally, we reverse the family court's order and remand this case to the family court to allow Appellant to proceed *in forma pauperis* in his family court action.

**AND IT IS SO ORDERED.**

/s/ C. Tolbert Goolsby, Jr., J.

/s/ John W. Kittredge, J.

/s/ Jasper M. Cureton, A.J.