688 S.E.2d 124

**Curtis D. RICHARDSON, Petitioner,**

v.

**Heath STEWART, Esquire and Horizon Addiction
Treatment Unit, Respondents.**

Supreme Court of South Carolina.

Jan. 8, 2010.

## ORDER

Petitioner has filed a motion for leave to proceed *in forma pauperis* in this action. The motion is denied. *Ex parte Martin,* 321 S.C. 533, 471 S.E.2d 134 (1995).

We also take this opportunity to address the repetitive, frivolous and abusive nature of petitioner's filings in the courts of this state. With the exception of a period of time from July 27, 2006, until September 13, 2007, petitioner has been incarcerated in the South Carolina Department of Corrections (SCDC) since January 31, 2000. During his time of incarceration, petitioner has filed approximately twenty-two actions in the United States District Court for the District of South Carolina, twenty-two actions in the South Carolina Court of Common Pleas, and eleven actions in the Administrative Law Court (ALC).[1] Petitioner has represented himself in the majority of those actions.

---

1. In addition, since 2001, petitioner has filed six *pro se* petitions in this Court that were disposed of pursuant to *Key v. Currie,* 305 S.C. 115, 406 S.E.2d 356 (1991). In 2002, petitioner filed a *pro se* "*Johnson* Petition for a Writ of Certiorari" in this Court following the issuance of an opinion by the Court of Appeals affirming petitioner's convictions and sentences. The petition was dismissed because it was not served on counsel for the State and because no petition for rehearing was filed in the Court of Appeals. In 2004, counsel for petitioner filed a petition for a writ of certiorari pursuant to *Johnson v. State,* 294 S.C. 310, 364 S.E.2d 201 (1988), following the denial of petitioner's application for post-conviction relief (PCR). Petitioner filed a lengthy, and frivolous, *pro se* response. In March 2009, petitioner filed a *pro se* notice of appeal from an order of the circuit court denying his PCR application as successive and untimely. The notice of appeal was dismissed based on petitioner's failure to provide a sufficient explanation pursuant to Rule 243(c), SCACR. In May 2009, petitioner filed a *pro se* notice of

appeal from an order of the Court of Appeals dismissing his appeal in *Curtis Richardson v. SCDC;* however, the matter was dismissed without prejudice to petitioner's right to seek review if a petition for rehearing or reinstatement was acted upon by the Court of Appeals.

Since 2000, two direct appeals have been filed by counsel on petitioner's behalf in the Court of Appeals. In both cases, counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and the appeals were dismissed. In 2007, petitioner filed a *pro se* notice of appeal, which was dismissed by the Court of Appeals due to petitioner's failure to timely serve the notice on opposing counsel. Petitioner has filed four *pro se* notices of appeal in the Court of Appeals in actions against SCDC. Two of the appeals were from orders of the circuit court in one action and the remaining appeals were from orders of the ALC in separate actions. The first appeal was dismissed at petitioner's request based on the fact that he had a Rule 59(e), SCRCP, motion pending in the circuit court. In the second appeal from the circuit court, petitioner was allowed to proceed *in forma pauperis.* However, on May 5, 2009, the Court of Appeals dismissed the appeal based on petitioner's failure to order the transcript. The remittitur was sent to the lower court on May 21, 2009. Petitioner attempted to file a petition for rehearing and/or reinstatement after the remittitur was sent, but the Court of Appeals refused to act on the petition because it was untimely. Petitioner filed a petition for a writ of certiorari in this Court which, as noted above, was dismissed without prejudice to his right to seek review if the Court of Appeals acted on a petition for rehearing or reinstatement in the matter. In August 2008, petitioner filed a *pro se* notice of appeal from an order of the circuit court denying his petition for a writ of habeas corpus. The Court of Appeals dismissed the notice of appeal based on petitioner's failure to provide a sufficient explanation pursuant to Rule 203(d)(1)(B)(vi), SCACR. In the third action against SCDC, the Court of Appeals allowed petitioner to proceed *in forma pauperis.* However, on September 23, 2009, the court granted SCDC's motion to dismiss. Petitioner's petition for reinstatement was denied on December 8, 2009. In July 2009, petitioner filed a *pro se* notice of appeal in the Court of Appeals from an order of the circuit court in *Curtis Richardson v. Scott Joye.* Petitioner's request to proceed *in forma pauperis* was denied. Thereafter, the notice of appeal was dismissed based on petitioner's failure to pay the filing fee. Petitioner's petition for reinstatement was denied. In August 2009, petitioner filed a notice of appeal from an order of the circuit court in *Curtis Richardson v. Heath Stewart.* Petitioner's request to proceed *in forma pauperis* was denied and the notice of appeal was eventually dismissed due to petitioner's failure to pay the filing fee, and a request for reinstatement was denied. Petitioner is seeking to proceed *in forma pauperis* in filing a petition for a writ of certiorari in this Court from the decision of the Court of Appeals. Petitioner currently has an appeal pending before the Court of Appeals from an order of the ALC in *Curtis Richardson v. SCDPPPS.* The Court of Appeals granted his request to proceed *in forma pauperis* in that matter. He also has an appeal pending in the Court of Appeals from an order of the circuit court in *Curtis Richardson v. James Galmore.* The Court of Appeals denied petitioner's request to proceed *in forma pau-*

Petitioner has proceeded *in forma pauperis* in federal court pursuant to the Prison Litigation Reform Act (PLRA) and in state court pursuant to Rule 3(b), SCRCP. However, by order dated December 14, 2006, the federal court prohibited petitioner from filing any further actions pursuant to the PLRA without prepayment of the filing fee. Since that time, petitioner has filed approximately seventeen *pro se* actions in the court of common pleas in Richland, Horry and Georgetown Counties.

A majority of the matters set forth above are of a repetitive and frivolous nature and, as evidenced by the sheer number of matters referenced, have resulted in a waste of judicial time and resources and have interfered with the fair administration of justice. Accordingly, in order to curb petitioner's abusive filings, we hereby order the Clerks of Court in this state, including clerks of the circuit courts, the appellate courts, and the Administrative Law Court, not to accept any documents from petitioner for filing that require a filing fee unless accompanied by the filing fee and a properly notarized affidavit from petitioner stating that he in good faith believes the document submitted for filing is nonfrivolous and proper for the court to consider. *See In re Maxton,* 325 S.C. 3, 478 S.E.2d 679 (1996). This order shall not apply to matters in which petitioner has already been granted leave to proceed *in forma pauperis.* Finally, any attempt by petitioner to file documents in any of the courts of this state in violation of this order may result in him being held in contempt of this Court.

IT IS SO ORDERED.

/s/ Jean H. Toal, C.J.

/s/ Costa M. Pleicones, J.

/s/ Donald W. Beatty, J.

/s/ John W. Kittredge, J.

/s/ Kaye G. Hearn, J.

*peris* by order dated December 30, 2009. Finally, in petitioner's fourth appeal involving SCDC, which remains pending before the Court of Appeals, his request to proceed *in forma pauperis* was denied on November 24, 2009.