# IN RE DEMOS

No. 90–7225.   Decided April 29, 1991*

PER CURIAM.

Petitioner has filed a petition for a writ of certiorari, No. 90–7226, a petition for a writ of habeas corpus, No. 90–7225, and a petition for a writ of mandamus, No. 90–7296, all seeking relief from a single order of a lower court, which in turn denied petitioner leave to proceed *in forma pauperis* and barred petitioner from making further *in forma pauperis* filings seeking certain extraordinary writs.   We deny the petition for a writ of certiorari in No. 90–7226.

Petitioner has made 32 *in forma pauperis* filings in this Court since the beginning of the October 1988 Term, many of which challenge sanctions imposed by lower courts in response to petitioner's frivolous filings.  · Petitioner's method

---

*Together with No. 92–7226, *Demos* v. *United States District Court for the Eastern District of Washington et al.*, on petition for writ of certiorari to the United States Court of Appeals for the Ninth Circuit, and No. 92–7296, *In re Demos*, on petition for writ of mandamus.

of seeking relief here—filing three petitions for relief from a single order of a lower court—could only be calculated to disrupt the orderly consideration of cases. Petitioner has abused the system, and we find it appropriate to deny leave to proceed *in forma pauperis* to petitioner in these two petitions for extraordinary relief, Nos. 90–7225 and 90–7296, and in all future petitions for extraordinary relief. See *In re Sindram*, 498 U. S. 177 (1991); *In re McDonald*, 489 U. S. 180 (1989).

If petitioner wishes to have one or both of these petitions considered on its merits, he must pay the docketing fee required by Rule 38(a) and submit a petition in compliance with Rule 33 of the Rules of this Court before May 20, 1991. The Clerk is directed not to accept any further petitions from petitioner for extraordinary writs unless he pays the docketing fee required by Rule 38(a) and submits his petition in compliance with Rule 33. Petitioner remains free under the present order to file *in forma pauperis* requests for relief other than an extraordinary writ, if he qualifies under this Court's Rule 39 and does not similarly abuse that privilege.

*It is so ordered.*

JUSTICE MARSHALL, with whom JUSTICE BLACKMUN and JUSTICE STEVENS join, dissenting.

Today, this Court blacklists another indigent *pro se* litigant. The order issued today, which bars future *in forma pauperis* filings for extraordinary writs by John Demos and hints that restrictions on other filings by Demos might be forthcoming, marks the third such proscription the Court has initiated in the last two years. See *In re Sindram*, 498 U. S. 177 (1991); *In re McDonald*, 489 U. S. 180 (1989). Yet, as in *Sindram* and *McDonald*, the Court fails to identify any statute or rule giving it the extraordinary authority to impose a permanent ban on an indigent litigant's *in forma pauperis* filings. Nor does the Court satisfactorily explain why it has

singled out an indigent litigant for having lodged frivolous filings when paying litigants often are guilty of the same sin.

I continue to oppose this Court's unseemly practice of banning *in forma pauperis* filings by indigent litigants. See *In re Sindram, supra,* at 181 (MARSHALL, J., dissenting); *In re McDonald, supra,* at 185 (1989) (Brennan, J., dissenting, joined by MARSHALL, BLACKMUN, and STEVENS, JJ.). As I have argued, the Court's assessment of the disruption that an overly energetic litigant like Demos poses to "the orderly consideration of cases," *ante,* at 17, is greatly exaggerated. See *In re Sindram, supra,* at 181 (dissenting opinion). The Court is sorely mistaken if it believes that the solution to the problem of a crowded docket is to crack down on a litigant like Demos.

Two years ago, Justice Brennan sagely warned that in "needlessly depart[ing] from its generous tradition" of leaving its doors open to all classes of litigants, the Court "sets sail on a journey whose landing point is uncertain." *In re McDonald, supra,* at 188 (dissenting opinion). The journey's ominous destination is becoming apparent. The Court appears resolved to close its doors to increasing numbers of indigent litigants—and for increasingly less justifiable reasons.* I fear that the Court's action today portends even

---

*Indeed, the ban the Court imposes on Demos' *in forma pauperis* filings for extraordinary writs seems particularly unjustifiable. The Court makes much of the fact that Demos has made 32 *in forma pauperis* filings since 1988. Yet, according to the records of the Clerk of the Court, only *four* of those filings have been for extraordinary writs, the sole subject of the ban announced today. It cannot be seriously contended that these four filings in the last three years have so disrupted the orderly administration of this Court's business as to require barring any such future filings. More likely, the Court's ban on Demos' *in forma pauperis* requests for extraordinary writs is but a poorly disguised penalty for his more numerous petitions for certiorari. See also *In re Sindram,* 498 U. S. 177, 183 (1991) (BLACKMUN, J., dissenting, joined by MARSHALL, J.) (noting that Court's ban upon petitioner's *in forma pauperis* filings for extraordinary relief "appears to be nothing more than an alternative for punishing [petitioner] for

more Draconian restrictions on the access of indigent litigants to this Court.

In closing its doors today to another indigent litigant, the Court moves ever closer to the day when it leaves an indigent litigant with a meritorious claim out in the cold. And with each barrier that it places in the way of indigent litigants, and with each instance in which it castigates such litigants for having "abused the system," *ante*, at 17, the Court can only reinforce in the hearts and minds of our society's less fortunate members the unsettling message that their pleas are not welcome here.

I dissent.

---

the frequency with which he has filed petitions for certiorari and petitions for rehearing").