PER CURIAM.
By order dated January 17, 1995, we dismissed Anthony Martin’s petition for writ of mandamus or prohibition. The dismissal was based on the frivolous nature of the petition and the failure of the petitioner to show cause why he should not be denied in forma pauperis status. Petitioner failed to pay the required filing fee. We now write to explain our reasons for dismissal.
Petitioner, Anthony R. Martin, pro se, filed a petition for writ of prohibition or mandamus on October 10, 1994 to prevent the trial court from holding a hearing on the defendant’s motion to dismiss. The hearing was scheduled for October 7, 1994, and on October 4, 1994, petitioner faxed a letter to the trial court requesting a continuance of the hearing until the following week because he was out of town. Petitioner did not provide us with a copy of the order denying -the continuance, but we presume the continuance was denied.
From the face of the petition, it appeared that the petition was frivolous and lacking in merit. A decision to grant or deny a continuance lies within the discretion of the trial court. Both mandamus and prohibition have extremely narrow applications; neither of which apply to the facts set forth in the petition.
In addition, with the filing of the petition, petitioner filed an affidavit of indigency. In light of the petitioner’s previous history of filing, this court issued an Order to Show Cause why the petition should not be dismissed. Although petitioner was given twenty days to respond, he failed to file a response. We then dismissed the ease. However, by letter dated December 21, 1994, petitioner requested until January 9, 1995 to file a response. We reinstated the case, granting petitioner until January 9, 1995 as requested to file his response. Significantly, petitioner failed to file any response by January 9, 1995. After 5:00 p.m. on January 17, 1995 petitioner filed an untimely response which we have treated as a motion for rehearing of the order of dismissal.
We find petitioner’s arguments to be without merit and therefore deny rehearing. Petitioner’s arguments center on prior orders which have found him to be indigent for the purpose of costs, rather than addressing the propriety of denying him indigent status as a sanction. Petitioner did not address this court’s complaint that his pleadings are not *1021 merely unsuccessful; the majority of the pleadings are utterly devoid of merit and frivolous. The remainder of the response is devoted to insulting this panel and complaining that this court is engaged in retaliation, harassment and a “smear campaign” against him. A review of our order to show cause reveals that there is not one statement in that order which has not already been made in an earlier published opinion. We refuse to repeat the scandalous remarks against individuals that petitioner has incorporated in his prior pleadings as requested by petitioner. Petitioner obviously has access to his prior pleadings, and if not, he can be assumed to have knowledge of the contents of them since he was the author.
Accordingly, in light of the above findings the petition for prohibition is dismissed and rehearing is denied.
PETITION DISMISSED.
This court publishes the Order to Show Cause in its entirety and incorporates its findings in this opinion.

ORDER TO SHOW CAUSE OF NOVEMBER 28, 19U

Ordered, sua sponte, that this court takes judicial notice of its records. Specifically, the court takes notice of the cases filed by petitioner in a three-year period since this court issued sanctions against him in Martin v. Stewart, 588 So.2d 996 (Fla. 4th DCA), mandamus granted sub nom. Martin v. District Court of Appeal, Fourth District, 591 So.2d 182 (Fla.1991).
During this three-year period, petitioner has filed seventeen appeals (both final and non-final) and fourteen original proceedings. He has obtained relief only once, in Martin v. Circuit Court, Seventeenth Judicial Circuit, 627 So.2d 1298 (Fla. 4th DCA 1993). In that case, the Seventeenth Judicial Circuit’s injunction preventing petitioner from filing new eases without the benefit of counsel was reversed for failure to provide Martin with notice and an opportunity to be heard.
One appeal was affirmed on the merits with a published opinion, Martin v. Town of Palm Beach, 643 So.2d 112 (Fla. 4th DCA 1994). Three cases are still pending, includ-tag this petition. In none of the three pending eases has petitioner paid the filing fee of $250.00 or has indigency status been granted.
The other twenty-six cases were disposed of summarily. Thirteen cases (both appeals and petitions) were dismissed for failure to pay the filing fee. Eight appeals were dismissed for failure of petitioner to file an initial brief. Three petitions were denied without issuance of orders to show cause, indicating that on their face the petitions lacked merit. Two cases were voluntarily dismissed after the opposing side filed a motion to dismiss.
A review of these cases leads us to believe that petitioner possesses little interest in prevailing or even in obtaining a decision on the merits. Rather, he has shown a pattern of taking calculated action (or inaction) to prevent review of his claims, such as neglecting to file initial briefs and/or failing to appear at hearings to determine his indigency.
In In re Martin-Trigona, 573 F.Supp. 1245 (D.Conn.1983), aff'd in part, remanded in part, 737 F.2d 1254 (2nd Cir.1984), the district court noted that petitioner was not interested in vindication of his legal rights, finding:
On the contrary, the very purpose of Martin-Trigona’s litigation is nothing other than the multiplication of litigation and the harassment of his imagined enemies (and remarkably, even those having any remote connection with these ‘enemies’) by the use of legal processes.
Based on our review of the cases filed by petitioner since this court’s 1991 sanctions were entered, it is our conclusion that on many occasions he files these pleadings as a means to place into the public record scandalous personal insults about public figures and his perceived personal enemies while he is clothed with immunity under the judicial privilege. This tactic of injecting personal insults into the proceedings was first noted by the Illinois Supreme Court as part of the reason for the denial of Martin’s admission to the Illinois Bar. In re Martin-Trigona, 55 Ill.2d 301, 302 N.E.2d 68 (Ill.1973), cert. denied, 417 U.S. 909, 94 S.Ct. 2605, 41 L.Ed.2d 212 (1974). It has been suggested by several *1022 courts that petitioner’s behavior may be a symptom of the “moderately severe character defect” which was identified in his Selective Service records. This disorder manifests itself in “ideation with a paranoid flavor and grandiose character.” In re Martin-Trigona, 573 F.Supp. at 1247, n. 5.
In reviewing our own records we note that most of the insults contained in the pleadings are gratuitous, bearing little, if any, relevance to the relief requested. Petitioner names people with whom he has had no relationship whatsoever as defendants, or as non-parties referred to within his pleadings. See also In re Martirir-Trigona, 573 F.Supp. at 1252. This latter strategy leaves targets unaware that they have been maligned in public court records because he does not name them as parties, so they are never served with the offending pleadings.
While this petition does not contain the gratuitous personal insults found in many of petitioner’s other cases, it is frivolous and an abuse of the judicial system for other reasons. First, the petition on its face does not satisfy the requirements for issuance of an extraordinary writ. Second, the petition seeks to prevent an act that had already occurred three days before the petition was filed.
The United States Supreme Court has recently adopted a procedure pursuant to Supreme Court Rule 39.8 to prevent abusive filers from proceeding in forma pauperis in non-criminal proceedings by directing the clerk not to accept for filing any petitions from these individuals unless they are accompanied by the correct filing fee. Supreme Court Rule 39, the authority for these recent Supreme Court decisions, was amended in 1991 to add the following provision:
39.8 If satisfied that a petition for a writ of certiorari, jurisdictional statement, or petition for an extraordinary writ, as the case may be, is frivolous or malicious, the Court may deny a motion for leave to proceed in forma pauperis.
The Supreme Court has used this provision as authority to prospectively deny leave in several cases since that subsection was added: In re Anderson, — U.S.-, 114 S.Ct. 1606, 128 L.Ed.2d 332, reh’g denied, - U.S. -, 114 S.Ct. 2671, 129 L.Ed.2d 807 (1994); Day v. Day, — U.S. -, 114 S.Ct. 4,126 L.Ed.2d 1 (1993); In re Sassower, — U.S. -, 114 S.Ct. 2, 126 L.Ed.2d 6 (1993); In re Demos, 500 U.S. 16, 111 S.Ct. 1569, 114 L.Ed.2d 20 (1991). In each of these cases, the court directed the clerk not to accept certain categories of new eases from the individuals identified unless the proper fee is paid at the time of filing.
Although Florida does not presently have a similar rule, it would be prudent for our supreme court to consider adopting a similar provision. However, we conclude that this court has inherent authority to prevent abuse of the judicial system, an implied power of Florida’s district courts, which has been recognized expressly in Shotkin v. Cohen, 163 So.2d 330, 331 (Fla. 3d DCA 1964); Ray v. Williams, 55 Fla. 723, 724, 46 So. 158, 159 (1908). This court has in the past successfully denied abusive litigants the right to proceed pro se, a remedy that is similar to the restriction on fee waivers. Kreager v. Glickman, 519 So.2d 666 (Fla. 4th DCA), rev. dismissed, 528 So.2d 1182 (Fla.1988).
The use of the court’s inherent authority to deny Petitioner in forma pauperis status would not be contrary to the Supreme Court’s handling of this problem before Rule 39.8 was adopted. The Court had already denied abusive petitioners’ indigent status in future filings under authority of the Court’s pre-amendment general in forma pauperis rule, Rule 39. In re Sindram, 498 U.S. 177, 111 S.Ct. 596, 112 L.Ed.2d 599, reh’g denied, 498 U.S. 1116, 111 S.Ct. 1029, 112 L.Ed.2d 1110 (1991); In re McDonald, 489 U.S. 180, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989). The Court explained in Sindram, 498 U.S. at 180, 111 S.Ct. at 597-98:
In order to prevent frivolous petitions for extraordinary relief from unsettling the fair administration of justice, the court has a duty to deny informa pauperis status to those individuals who have abused the system.
The majority found that it had the power to fashion such a remedy for abusive filings as part of its authority to allocate the resources of the Court in a way that promotes the *1023 interests of justice. McDonald, 489 U.S. at 184, 109 S.Ct. at 996.
Although the Supreme Court gave no indication that the petitioners were afforded notice and an opportunity to be heard before the Court prospectively denied them indigent status, we conclude that petitioner in this case should be given notice and an opportunity to respond before we dismiss this petition for failure to pay the filing fee or before we deny in forma pauperis status based on the frivolous nature of this instant petition or otherwise deny in forma pauperis status based on the January 26, 1994 order of the Circuit Court of Palm Beach County, received and filed in Fourth District DCA Case No. 93-3472, wherein Anthony R. Martin was, after hearing, determined not to be insolvent for appeal purposes.
Accordingly the petitioner, having commenced the above-styled cause by the filing of a Petition for Writ of Mandamus in the court on the 10th of October, 1994, without the deposit of the statutory filing fee, shall within twenty days do one of the following:
a) pay the Clerk of this Court the sum of Two Hundred Fifty Dollars ($250.00) as the Appellate Court filing fee required according to Florida Rule of Appellate Procedure 9.100(b), and section 35.22(3), Florida Statutes, OR
b) show cause why in forma pauperis status should not be denied in light of the petitioner’s past pattern and practice of filing frivolous extraordinary writs and appeals and in light of the frivolous nature of this petition.
STONE, KLEIN and PARIENTE, JJ., concur.