Serial: **229874**

## IN THE SUPREME COURT OF MISSISSIPPI

### No. 2019-M-01521

| | |
|---|---|
| *PHILLIP EARL YOUNG A/K/A PHILLIP E. YOUNG* | *Petitioner* |
| *v.* | |
| *STATE OF MISSISSIPPI* | *Respondent* |

### <u>EN BANC ORDER</u>

This matter is before the Court on Phillip Earl Young's Petition for Permission to File Motion for Post-Conviction Relief. Young raises issues regarding his indictment, pretrial identification, lack of an initial appearance, and his right to counsel.

The Court of Appeals affirmed Young's conviction and sentence, and the mandate issued on August 21, 2007. ***Young v. State***, 962 So. 2d 110 (Miss. Ct. App. 2007). Young has sought post-conviction relief from the Court before, and the Court denied or dismissed those filings. *See **Young v. State***, No. 2013-M-00012; ***Young v. State***, No. 2014-M-00406. Thus, the present motion is time barred and barred as a successive writ. Miss. Code Ann. §§ 99-39-5(2), 99-39-27(6) (Rev. 2015). Young's claims also were raised before; thus, the issues are barred under the doctrine of res judicata. Miss. Code Ann. § 99-39-21(3) (Rev. 2015). Further, Young fails to present an arguable basis for his claims to warrant an exception to the procedural bars. ***Means v. State***, 43 So. 3d 438, 442 (Miss. 2010). After due consideration, the Court finds the present motion should be denied.

The Court also finds the successive application is frivolous. Young is warned that future filings deemed frivolous may result not only in monetary sanctions but also in restrictions on filing applications for post-conviction collateral relief (or pleadings in that nature) *in forma pauperis*. *See* Order, ***Dunn v. State***, 2016-M-01514 (Miss. Nov. 15, 2018).

IT IS THEREFORE ORDERED that Phillip Earl Young's Petition for Permission to File Motion for Post-Conviction Relief is denied.

SO ORDERED, this the 19th day of February, 2020.


/s/ Michael K. Randolph

MICHAEL K. RANDOLPH, CHIEF JUSTICE
FOR THE COURT


TO DENY WITH SANCTIONS WARNING: RANDOLPH, C.J., COLEMAN, BEAM, ISHEE AND GRIFFIS, JJ.

TO DISMISS WITH SANCTIONS WARNING: MAXWELL AND CHAMBERLIN, JJ.

TO DENY: KITCHENS AND KING, P.JJ.

KING, P.J., OBJECTS TO THE ORDER IN PART WITH SEPARATE WRITTEN STATEMENT JOINED BY KITCHENS, P.J.

# IN THE SUPREME COURT OF MISSISSIPPI

## No. 2019-M-01521

*PHILLIP EARL YOUNG A/K/A PHILLIP*
*E. YOUNG*

*v.*

*STATE OF MISSISSIPPI*

**KING, PRESIDING JUSTICE, OBJECTING TO THE ORDER IN PART WITH SEPARATE WRITTEN STATEMENT:**

¶1.     Although Phillip Earl Young's application for post-conviction relief does not merit relief, I disagree with the Court's finding that the application is frivolous and with the warning that future filings deemed frivolous may result in monetary sanctions or restrictions on filing applications for post-conviction collateral relief *in forma pauperis*.[1]

¶2.     This Court previously has defined a frivolous motion to mean one filed in which the movant has "no hope of success." **Roland v. State**, 666 So. 2d 747, 751 (Miss. 1995). However, "though a case may be weak or 'light-headed,' that is not sufficient to label it frivolous." **Calhoun v. State**, 849 So. 2d 892, 897 (Miss. 2003). In his application for post-conviction relief, Young made reasonable arguments that his charges were illegally changed after his arrest, that he was not given a timely initial appearance, that his pretrial identification was highly suggestive, and that he was denied his Sixth Amendment right to counsel. As such, I disagree with the Court's determination that Young's application is

---

[1]*See* Order, **Dunn v. State**, No. 2016-M-01514 (Miss. Nov. 15, 2018).

3

frivolous.

¶3.	Additionally, I disagree with this Court's warning that future filings may result in monetary sanctions or restrictions on filing applications for post-conviction collateral relief *in forma pauperis*. The imposition of monetary sanctions on a criminal defendant proceeding *in forma pauperis* only serves to punish or preclude that defendant from his lawful right to appeal. Black's Law Dictionary defines sanction as "[a] provision that gives force to a legal imperative by either rewarding obedience or *punishing disobedience*." *Sanction*, Black's Law Dictionary (10th ed. 2014) (emphasis added). Instead of punishing the defendant for filing a motion, I believe that this Court should simply deny or dismiss motions that lack merit. As Justice Brennan wisely stated,

> The Court's order purports to be motivated by this litigant's disproportionate consumption of the Court's time and resources. Yet if his filings are truly as repetitious as it appears, it hardly takes much time to identify them as such. I find it difficult to see how the amount of time and resources required to deal properly with McDonald's petitions could be so great as to justify the step we now take. Indeed, the time that has been consumed in the preparation of the present order barring the door to Mr. McDonald far exceeds that which would have been necessary to process his petitions for the next several years at least. I continue to find puzzling the Court's fervor in ensuring that rights granted to the poor are not abused, even when so doing actually increases the drain on our limited resources.

*In re McDonald*, 489 U.S. 180, 186–87, 109 S. Ct. 993, 997, 103 L. Ed. 2d 158 (1989) (Brennan, J., dissenting).[2]

---

[2] *See also **In re Demos**, 500 U.S. 16, 19, 111 S. Ct. 1569, 1571, 114 L. Ed. 2d 20 (1991) (Marshall, J., dissenting) ("In closing its doors today to another indigent litigant, the Court moves ever closer to the day when it leaves an indigent litigant with a meritorious

¶4.    The same logic applies to the restriction on filing subsequent applications for post-conviction relief. To cut off an indigent defendant's right to proceed *in forma pauperis* is to cut off his access to the courts. This, in itself, violates a defendant's constitutional rights, for

> Among the rights recognized by the Court as being fundamental are the rights to be free from invidious racial discrimination, to marry, to practice their religion, to communicate with free persons, to have due process in disciplinary proceedings, and to be free from cruel and unusual punishment. As a result of the recognition of these and other rights, the right of access to courts, which is necessary to vindicate all constitutional rights, also became a fundamental right.

Joseph T. Lukens, *The Prison Litigation Reform Act: Three Strikes and You're Out of Court-It May Be Effective, but Is It Constitutional?*, 70 Temp. L. Rev. 471, 474–75 (1997). This Court must not discourage convicted defendants from exercising their right to appeal. ***Wisconsin v. Glick***, 782 F.2d 670, 673 (7th Cir. 1986).  Novel arguments that might remove a criminal defendant from confinement should not be discouraged by the threat of monetary sanctions and restrictions on filings. ***Id.***

¶5.    Therefore, although I find no merit in Young's application for post-conviction relief, I disagree with this Court's contention that the application merits the classification of frivolous and with its warning of future sanctions and restrictions.

**KITCHENS, P.J., JOINS THIS SEPARATE WRITTEN STATEMENT.**

---

claim out in the cold. And with each barrier that it places in the way of indigent litigants, and with each instance in which it castigates such litigants for having 'abused the system,' . . . the Court can only reinforce in the hearts and minds of our society's less fortunate members the unsettling message that their pleas are not welcome here.").