Serial: **229769**

**IN THE SUPREME COURT OF MISSISSIPPI**

**No. 2016-M-00217**

*TIMOTHY STRATTON A/K/A TIMOTHY*                                       *Petitioner*
*W. STRATTON*

*v.*

*STATE OF MISSISSIPPI*                                                   *Respondent*

## ORDER

Before the Court is the Application for Leave to Proceed in the Trial Court filed by Timothy Stratton.

Stratton was convicted of two counts of sexual battery and sentenced to two concurrent life terms. *Stratton v. State*, 132 So. 3d 1074, 1075 (Miss. Ct. App. 2014). The Court of Appeals affirmed his convictions and sentences, and the mandate issued on March 18, 2014. *Id.* Since then, he has filed two applications, which were denied. En Banc Order, *Stratton v. State*, No. 2016-M-00217 (Miss. Mar. 14, 2019); En Banc Order, *Stratton v. State*, No. 2016-M-00217 (Miss. Aug. 4, 2016).

Here, Stratton argues that his constitutional rights were violated because the jury instructions omitted venue. He raised this same issue in his prior applications. Once again, we find that the claim does not meet any recognized exception to the time, waiver, and successive-writ bars. *Chapman v. State*, 167 So. 3d 1170, 1174–75 (Miss. 2015); *Smith v. State*, 149 So. 3d 1027, 1031–32 (Miss. 2014), *overruled on other grounds by Pitchford v.*

***State***, 240 So. 3d 1061 (Miss. 2017); ***Bell v. State***, 123 So. 3d 924, 925 (Miss. 2013); ***Rowland v. State***, 98 So. 3d 1032, 1035–36 (Miss. 2012), *overruled on other grounds by* ***Carson v. State***, 212 So. 3d 22 (Miss. 2016). *See also* ***Bevill v. State***, 669 So. 2d 14, 17 (Miss. 1996); ***Brown v. State***, 187 So. 3d 667, 671 (Miss. Ct. App. 2016). And even if it did, it lacks any arguable basis to surmount the bars. ***Means v. State***, 43 So. 3d 438, 442 (Miss. 2010). As stated in the order denying Stratton's last application, we "will not consider venue questions raised for the first time in post-conviction proceedings." Order, ***Smith v. State***, No. 2013-M-00205 (Miss. Dec. 13, 2018) (citing Order, ***Page v. State***, No. 2013-M-01645 (Miss. Dec. 17, 2015)).

After due consideration, we find that the application should be denied.

In denying Stratton's last application, we warned that "future filings deemed frivolous may result not only in monetary sanctions, but also restrictions on filing applications for post-conviction relief (or pleadings in that nature) *in forma pauperis*." En Banc Order, ***Stratton v. State***, No. 2016-M-00217, at 3 (Miss. Mar. 14, 2019). We find that this filing is frivolous and that Stratton should be restricted from filing further applications for post-conviction collateral relief (or pleadings in that nature) that are related to these convictions and sentences *in forma pauperis*. *See* En Banc Order, ***Dunn v. State***, No. 2016-M-01514 (Miss. Apr. 11, 2019).

IT IS THEREFORE ORDERED that the Application for Leave to Proceed in the Trial Court is denied.

2

IT IS FURTHER ORDERED that Stratton is hereby restricted from filing further applications for post-conviction collateral relief (or pleadings in that nature) that are related to these convictions and sentences *in forma pauperis*. The Clerk of this Court shall not accept for filing any further applications for post-conviction collateral relief (or pleadings in that nature) from Stratton that are related to these convictions and sentences unless he pays the applicable docket fee.

SO ORDERED, this the 26th day of February, 2020.

/s/ T. Kenneth Griffis

T. KENNETH GRIFFIS, JUSTICE
FOR THE COURT

TO DENY AND SANCTION: RANDOLPH, C.J., MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ.

TO DENY: KITCHENS AND KING, P.JJ., AND COLEMAN, J.

KING, P.J., OBJECTS TO THE ORDER WITH SEPARATE WRITTEN STATEMENT JOINED BY KITCHENS, P.J.

3

# IN THE SUPREME COURT OF MISSISSIPPI

## No. 2016-M-00217

*TIMOTHY STRATTON A/K/A TIMOTHY W. STRATTON*

*v.*

*STATE OF MISSISSIPPI*

**KING, PRESIDING JUSTICE, OBJECTING TO THE ORDER WITH SEPARATE WRITTEN STATEMENT:**

¶1.     Today, this Court prioritizes efficiency over justice and bars Timothy Stratton from its doors. Because the imposition of monetary sanctions against indigent defendants and the restriction of access to the court system serve only to punish those defendants and to violate rights guaranteed by the United States and Mississippi Constitutions, I strongly oppose this Court's order restricting Stratton from filing further petitions for post-conviction collateral relief *in forma pauperis*.

¶2.     This Court seems to tire of reading motions that it deems "frivolous" and imposes monetary sanctions on indigent defendants. The Court then bars those defendants, who in all likelihood are unable to pay the imposed sanctions, from future filings. In choosing to prioritize efficiency over justice, this Court forgets the oath that each justice took before assuming office. That oath stated in relevant part, "I . . . solemnly swear (or affirm) that I will administer justice without respect to persons, and do equal right to the poor and to the rich. . . ." Miss. Const. art. 6, § 155. Yet this Court deems the frequency of Stratton's filings to be

4

too onerous a burden and decides to restrict Stratton from filing subsequent applications for post-conviction collateral relief. *See In re McDonald*, 489 U.S. 180, 186–87, 109 S. Ct. 993, 997, 103 L. Ed. 2d 158 (1989) (Brennan, J., dissenting) ("I continue to find puzzling the Court's fervor in ensuring that rights granted to the poor are not abused, even when so doing actually increases the drain on our limited resources.").

¶3.     Article 3, section 25, of the Mississippi Constitution provides that "*no person* shall be debarred from prosecuting or defending *any civil cause for or against him or herself*, before any tribunal in the state, by him or herself, or counsel, or both." Miss. Const. art. 3, § 26 (emphasis added). Mississippi Code Section 99-39-7 provides that actions under the Uniform Post-Conviction Collateral Relief Act *are civil actions*. Miss. Code Ann. § 99-39-7 (Rev. 2015). Therefore, this State's Constitution grants unfettered access in civil causes to any tribunal in the State. The Court's decision to deny Stratton's filing actions *in forma pauperis* is a violation of his State constitutional right to access to the courts.

¶4.     The decision to cut off an indigent defendant's right to proceed *in forma pauperis* is also a violation of that defendant's fundamental right to vindicate his constitutional rights, for

> Among the rights recognized by the Court as being fundamental are the rights to be free from invidious racial discrimination, to marry, to practice their religion, to communicate with free persons, to have due process in disciplinary proceedings, and to be free from cruel and unusual punishment. As a result of the recognition of these and other rights, the right of access to courts, which is necessary to vindicate all constitutional rights, also became a fundamental right.

Joseph T. Lukens, *The Prison Litigation Reform Act: Three Strikes and You're Out of Court-It May Be Effective, but Is It Constitutional?*, 70 Temp. L. Rev. 471, 474–75 (1997). As United States Supreme Court Justice Thurgood Marshall stated,

> In closing its doors today to another indigent litigant, the Court moves ever closer to the day when it leaves an indigent litigant with a meritorious claim out in the cold. And with each barrier that it places in the way of indigent litigants, and with each instance in which it castigates such litigants for having "abused the system," . . . the Court can only reinforce in the hearts and minds of our society's less fortunate members the unsettling message that their pleas are not welcome here.

*In re Demos*, 500 U.S. 16, 19, 111 S. Ct. 1569, 1571, 114 L. Ed. 2d 20 (1991) (Marshall, J., dissenting). Instead of simply denying or dismissing those motions that lack merit, the Court seeks to punish Stratton for arguing his claims.

¶5.     Although each justice took an oath to do equal right to the poor and rich, this Court does not deny access to the court defendants who are fortunate enough to have monetary resources. Those defendants may file endless petitions, while indigent defendants are forced to sit silently by. An individual who, even incorrectly, believes that she has been deprived of her freedom should not be expected to sit silently by and wait to be forgotten. "Historically, the convictions with the best chances of being overturned were those that got *repeatedly reviewed on appeal* or those chosen by legal institutions such as the Innocence Project and the Center on Wrongful Convictions." Emily Barone, *The Wrongly Convicted: Why more falsely accused people are being exonerated today than ever before*, Time,

6

http://time.com/wrongly-convicted/ (last visited Nov. 1, 2018) (emphasis added). The Washington Post reports that

> the average time served for the 1,625 exonerated individuals in the registry is more than nine years. Last year, three innocent murder defendants in Cleveland were exonerated 39 years after they were convicted—they spent their entire adult lives in prison—and even they were lucky: We know without doubt that the vast majority of innocent defendants who are convicted of crimes are never identified and cleared.

Samuel Gross, Opinion, *The Staggering Number of Wrongful Convictions in America*, Washington Post (July 24, 2015), http://wapo.st/1SGHcyd?tid=ss_mail&utm_term=.4bed8ad6f2cc.

¶6. Rather than violating Stratton's fundamental rights by restricting his access to the courts, I would simply deny his petition for post-conviction relief.

**KITCHENS, P.J., JOINS THIS SEPARATE WRITTEN STATEMENT.**