Electronic Document          Jul 27 2020 11:34:33          2020-M-00480          Pages: 5

**Serial: 232424**

## IN THE SUPREME COURT OF MISSISSIPPI

### No. 2020-M-00480

*KEVIN TERRENCE DAVIS*                                                                 *Petitioner*

*v.*

*STATE OF MISSISSIPPI*                                                                 *Respondent*

### ORDER

The instant matter is before the Court on the Application for Leave to Proceed in the Trial Court filed pro se by Kevin Terrence Davis. The Court finds that absent an exception, the petition is untimely and successive. Miss. Code Ann. §§ 99-39-5 and 99-39-27 (Rev. 2015). The Court further finds that Davis's claim related to the peremptory strike of a juror has been rejected in the direct appeal and in Davis's first petition for post-conviction relief and is now barred by res judicata. After due consideration, we find that Davis has presented no arguable basis for his claims, that no exception to the procedural bars exists, and that the petition should be denied. *See **Means v. State***, 43 So. 3d 438, 442 (Miss. 2010).  Notwithstanding the procedural bars, the Court finds that the claims raised in the petition are without merit.

The Court further finds that the claims raised in the successive petition are frivolous.  Davis is warned that future filings deemed frivolous could result in monetary sanctions or in restrictions on his ability to file applications for post-conviction collateral relief (or pleadings in that nature) in forma pauperis. *See* Order, ***Dunn v. State***, No. 2016-M-01514 (Miss. Nov. 15, 2018).

IT IS THEREFORE ORDERED that the Application for Leave to Proceed in the

Trial Court filed pro se by Kevin Terrence Davis is denied.

SO ORDERED.


TO DENY WITH SANCTIONS WARNING: RANDOLPH, C.J., COLEMAN, MAXWELL, CHAMBERLIN, ISHEE AND GRIFFIS, JJ.

TO DISMISS WITH SANCTIONS WARNING: BEAM, J.

TO DISMISS WITHOUT SANCTIONS WARNING: KITCHENS AND KING, P.JJ.

KING, P.J., OBJECTS TO THE ORDER IN PART WITH SEPARATE WRITTEN STATEMENT JOINED BY KITCHENS, P.J.


**DIGITAL SIGNATURE**
**Order#:** 232424
**Sig Serial:** 100002205
**Org:** SC
**Date:** 07/27/2020

Josiah Dennis Coleman, Justice

2

*KEVIN TERRENCE DAVIS*

*v.*

*STATE OF MISSISSIPPI*

**KING, PRESIDING JUSTICE, OBJECTING TO THE ORDER IN PART WITH SEPARATE WRITTEN STATEMENT:**

¶1.     Although I agree that Kevin Terrence Davis's application for post-conviction relief should be dismissed as moot, I disagree with the Court's finding that the application is frivolous and with its warning that future filings deemed frivolous may result in monetary sanctions or restrictions on filing applications for post-conviction collateral relief *in forma pauperis*.[1]

¶2.     This Court previously has defined a frivolous motion to mean one filed in which the movant has "no hope of success." ***Roland v. State***, 666 So. 2d 747, 751 (Miss. 1995). However, "though a case may be weak or 'light-headed,' that is not sufficient to label it frivolous." ***Calhoun v. State***, 849 So. 2d 892, 897 (Miss. 2003). In his application for post-conviction relief, Davis made reasonable arguments. As such, I disagree with the Court's determination that Davis's application is frivolous.

¶3.     Additionally, I disagree with this Court's warning that future filings may result in

---

[1]*See* Order, ***Dunn v. State***, No. 2016-M-01514 (Miss. Nov. 15, 2018).

monetary sanctions or restrictions on filing applications for post-conviction collateral relief *in forma pauperis*. The imposition of monetary sanctions on a criminal defendant proceeding *in forma pauperis* only serves to punish or preclude that defendant from his lawful right to appeal. Black's Law Dictionary defines sanction as "[a] provision that gives force to a legal imperative by either rewarding obedience or *punishing disobedience*." *Sanction*, Black's Law Dictionary (10th ed. 2014) (emphasis added). Instead of punishing the defendant for filing a motion, I believe that this Court should simply deny or dismiss motions that lack merit. As Justice Brennan wisely stated,

> The Court's order purports to be motivated by this litigant's disproportionate consumption of the Court's time and resources. Yet if his filings are truly as repetitious as it appears, it hardly takes much time to identify them as such. I find it difficult to see how the amount of time and resources required to deal properly with McDonald's petitions could be so great as to justify the step we now take. Indeed, the time that has been consumed in the preparation of the present order barring the door to Mr. McDonald far exceeds that which would have been necessary to process his petitions for the next several years at least. I continue to find puzzling the Court's fervor in ensuring that rights granted to the poor are not abused, even when so doing actually increases the drain on our limited resources.

*In re McDonald*, 489 U.S. 180, 186–87, 109 S. Ct. 993, 997, 103 L. Ed. 2d 158 (1989) (Brennan, J., dissenting).[2]

¶4.    The same logic applies to the restriction on filing subsequent applications for post-

---

[2]*See also **In re Demos**, 500 U.S. 16, 19, 111 S. Ct. 1569, 1571, 114 L. Ed. 2d 20 (1991) (Marshall, J., dissenting) ("In closing its doors today to another indigent litigant, the Court moves ever closer to the day when it leaves an indigent litigant with a meritorious claim out in the cold. And with each barrier that it places in the way of indigent litigants, and with each instance in which it castigates such litigants for having 'abused the system,' . . . the Court can only reinforce in the hearts and minds of our society's less fortunate members the unsettling message that their pleas are not welcome here.").

conviction relief. To cut off an indigent defendant's right to proceed *in forma pauperis* is to cut off his access to the courts. This, in itself, violates a defendant's constitutional rights, for

> Among the rights recognized by the Court as being fundamental are the rights to be free from invidious racial discrimination, to marry, to practice their religion, to communicate with free persons, to have due process in disciplinary proceedings, and to be free from cruel and unusual punishment. As a result of the recognition of these and other rights, the right of access to courts, which is necessary to vindicate all constitutional rights, also became a fundamental right.

Joseph T. Lukens, *The Prison Litigation Reform Act: Three Strikes and You're Out of Court-It May Be Effective, but Is It Constitutional?*, 70 Temp. L. Rev. 471, 474–75 (1997). This Court must not discourage convicted defendants from exercising their right to appeal. **Wisconsin v. Glick**, 782 F.2d 670, 673 (7th Cir. 1986). Novel arguments that might remove a criminal defendant from confinement should not be discouraged by the threat of monetary sanctions and restrictions on filings. **Id.**

¶5. Therefore, although I find no merit in Davis's application for post-conviction relief, I disagree with this Court's contention that the application merits the classification of frivolous and with its warning of future sanctions and restrictions.

**KITCHENS, P.J., JOINS THIS SEPARATE WRITTEN STATEMENT.**