Electronic Document          Feb 2 2021 14:22:43          2016-M-00576          Pages: 7

Serial: 234859

## IN THE SUPREME COURT OF MISSISSIPPI

## No. 2016-M-00576

*TYRONE BURRELL*                                                   *Petitioner*

*v.*

*STATE OF MISSISSIPPI*                                             *Respondent*

## EN BANC ORDER

Before the en banc Court is the Application for Leave to File Post-Conviction Collateral Relief in the Trial Court filed by Tyrone Burrell.

Burrell was convicted of kidnapping and sentenced as a habitual offender to thirty years in prison. *Burrell v. State*, 183 So. 3d 19, 26 (Miss. 2015). This Court affirmed, and the mandate issued on February 18, 2016. *Id.*

Since then, Burrell has filed four applications that were denied or dismissed. Order, *Burrell v. State*, No. 2016-M-00576 (Miss. Jan. 8, 2020); Order, *Burrell v. State*, No. 2016-M-00576 (Miss. Dec. 11, 2018); Order, *Burrell v. State*, No. 2016-M-00576 (Miss. Nov. 22, 2016); Order, *Burrell v. State*, No. 2016-M-00576 (Miss. July 20, 2016).

Here, he asserts four claims: (1) His indictment was defective; (2) trial counsel was ineffective for not challenging the defective indictment; (3) trial counsel was ineffective for failing to investigate certain matters; and (4)   the firearm-possession portion of the indictment was improper.

In claims (1) and (4), Burrell argues that his indictment was defective. A defective-indictment claim is not one of the recognized exceptions to the procedural bars. *See Chapman v. State*, 167 So. 3d 1170, 1174–75 (Miss. 2015); *Smith v. State*, 149 So. 3d 1027, 1031 (Miss. 2014), *overruled on other grounds by Pitchford v. State*, 240 So. 3d 1061 (Miss. 2017); *Bell v. State*, 123 So. 3d 924, 925 (Miss. 2013); *Rowland v. State*, 98

So. 3d 1032, 1035–36 (Miss. 2012), *overruled on other grounds by* **Carson v. State**, 212 So. 3d 22 (Miss. 2016); *see also* **Bevill v. State**, 669 So. 2d 14, 17 (Miss. 1996); **Brown v. State**, 187 So. 3d 667, 671 (Miss. Ct. App. 2016). And even if it were, we find that Burrell's claims are insufficient to merit waiving the bars. *See* **Means v. State**, 43 So. 3d 438, 442 (Miss. 2010).

In claims (2) and (3), Burrell argues that counsel was ineffective. In exceptional circumstances, an ineffective-assistance claim might be excepted from the procedural bars. **Chapman**, 167 So. 3d at 1174–75; **Bevill**, 669 So. 2d at 17; **Brown**, 187 So. 3d at 671. We find that Burrell's claims lack any arguable basis to merit waiving the bars. *See* **Means**, 43 So. 3d at 442.

Burrell was previously warned that "any future filings deemed frivolous may result not only in monetary sanctions, but also in restrictions on filing applications for post-conviction collateral relief (or pleadings in that nature) *in forma pauperis*." Order, **Burrell v. State**, No. 2016-M-00576, at *2 (Miss. Dec. 11, 2018) (citing Order, **Dunn v. State**, No. 2016-M-01514 (Miss. Nov. 15, 2018)). We find that this filing is frivolous and that sanctions are merited.

IT IS, THEREFORE, ORDERED that Burrell's Application for Leave to File Post-Conviction Collateral Relief in the Trial Court is denied.

IT IS FURTHER ORDERED that Burrell is hereby restricted from filing further applications for post-conviction collateral relief (or pleadings in that nature) that are related to this conviction and sentence *in forma pauperis*. The Clerk of this Court shall not accept for filing any further applications for post-conviction collateral relief (or pleadings in that nature) from Burrell that are related to this conviction and sentence unless he pays the applicable docket fee.

SO ORDERED.

TO DENY WITH SANCTIONS: RANDOLPH, C.J., COLEMAN, MAXWELL, BEAM,

CHAMBERLIN, ISHEE AND GRIFFIS, JJ.

TO DENY: KITCHENS AND KING, P.JJ.

KING, P.J., OBJECTS TO THE ORDER IN PART WITH SEPARATE WRITTEN STATEMENT JOINED BY KITCHENS, P.J.

**DIGITAL SIGNATURE**
**Order#:** 234859
**Sig Serial:** 100003195
**Org:** SC
**Date:** 02/02/2021

Josiah Dennis Coleman, Justice

3

## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2016-M-00576

**Tyrone Burrell**

**v.**

**State of Mississippi**

**KING, PRESIDING JUSTICE, OBJECTING TO THE ORDER IN PART WITH SEPARATE WRITTEN STATEMENT:**

¶1. Today, this Court prioritizes efficiency over justice and bars Tyrone Burrell from its doors. Because the imposition of monetary sanctions against indigent defendants and the restriction of access to the court system serve only to punish those defendants and to violate rights guaranteed by the United States and Mississippi Constitutions, I strongly oppose this Court's order restricting Burrell from filing further petitions for post-conviction collateral relief *in forma pauperis*.

¶2. This Court seems to tire of reading motions that it deems "frivolous" and imposes monetary sanctions on indigent defendants. The Court then bars those defendants, who in all likelihood are unable to pay the imposed sanctions, from future filings. In choosing to prioritize efficiency over justice, this Court forgets the oath that each justice took before assuming office. That oath stated in relevant part, "I . . . solemnly swear (or affirm) that I will administer justice without respect to persons, and do equal right to the poor and to the rich. . . ." Miss. Const. art. 6, § 155. Yet this Court deems the frequency of Burrell's filings to be too onerous a burden and decides to restrict Burrell from filing subsequent applications for

post-conviction collateral relief. *See In re McDonald*, 489 U.S. 180, 186–87, 109 S. Ct. 993, 997, 103 L. Ed. 2d 158 (1989) (Brennan, J., dissenting) ("I continue to find puzzling the Court's fervor in ensuring that rights granted to the poor are not abused, even when so doing actually increases the drain on our limited resources.").

¶3.     Article 3, section 25, of the Mississippi Constitution provides that "*no person* shall be debarred from prosecuting or defending *any civil cause for or against him or herself*, before any tribunal in the state, by him or herself, or counsel, or both." Miss. Const. art. 3, § 25 (emphasis added). Mississippi Code Section 99-39-7 provides that actions under the Uniform Post-Conviction Collateral Relief Act *are civil actions*. Miss. Code Ann. § 99-39-7 (Rev. 2015). Therefore, this State's Constitution grants unfettered access in civil causes to any tribunal in the State. The Court's decision to deny Burrell's filing actions *in forma pauperis* is a violation of his State constitutional right to access to the courts.

¶4.     The decision to cut off an indigent defendant's right to proceed *in forma pauperis* is also a violation of that defendant's fundamental right to vindicate his constitutional rights, for

> Among the rights recognized by the Court as being fundamental are the rights to be free from invidious racial discrimination, to marry, to practice their religion, to communicate with free persons, to have due process in disciplinary proceedings, and to be free from cruel and unusual punishment. As a result of the recognition of these and other rights, the right of access to courts, which is necessary to vindicate all constitutional rights, also became a fundamental right.

2

Joseph T. Lukens, *The Prison Litigation Reform Act: Three Strikes and You're Out of Court-It May Be Effective, but Is It Constitutional?*, 70 Temp. L. Rev. 471, 474–75 (1997). As United States Supreme Court Justice Thurgood Marshall stated,

> In closing its doors today to another indigent litigant, the Court moves ever closer to the day when it leaves an indigent litigant with a meritorious claim out in the cold. And with each barrier that it places in the way of indigent litigants, and with each instance in which it castigates such litigants for having "abused the system," . . . the Court can only reinforce in the hearts and minds of our society's less fortunate members the unsettling message that their pleas are not welcome here.

*In re Demos*, 500 U.S. 16, 19, 111 S. Ct. 1569, 1571, 114 L. Ed. 2d 20 (1991) (Marshall, J., dissenting). Instead of simply denying or dismissing those motions that lack merit, the Court seeks to punish Burrell for arguing his claims.

¶5.     Although each justice took an oath to do equal right to the poor and rich, this Court does not deny access to the court defendants who are fortunate enough to have monetary resources. Those defendants may file endless petitions, while indigent defendants are forced to sit silently by. An individual who, even incorrectly, believes that she has been deprived of her freedom should not be expected to sit silently by and wait to be forgotten. "Historically, the convictions with the best chances of being overturned were those that got *repeatedly reviewed on appeal* or those chosen by legal institutions such as the Innocence Project and the Center on Wrongful Convictions." Emily Barone, *The Wrongly Convicted: Why more falsely accused people are being exonerated today than ever before*, Time, http://time.com/wrongly-convicted/ (last visited Nov. 17, 2020) (emphasis added). The Washington Post reports that

the average time served for the 1,625 exonerated individuals in the registry is more than nine years. Last year, three innocent murder defendants in Cleveland were exonerated 39 years after they were convicted—they spent their entire adult lives in prison—and even they were lucky: We know without doubt that the vast majority of innocent defendants who are convicted of crimes are never identified and cleared.

Samuel Gross, Opinion, *The Staggering Number of Wrongful Convictions in America*, Washington Post (July 24, 2015), http://wapo.st/1SGHcyd?tid=ss_mail&utm_term=.4 bed8ad6f2cc.

¶6.    Rather than violating Burrell's fundamental rights by restricting his access to the courts, I would simply find that his petition for post-conviction relief has no merit.

**KITCHENS, P.J., JOINS THIS SEPARATE WRITTEN STATEMENT.**

4