Electronic Document          Feb 26 2021 14:02:19          2020-M-00699          Pages: 6

Serial: 235500

# IN THE SUPREME COURT OF MISSISSIPPI

## No. 2020-M-00699

*BOBBY E. WILSON, JR. A/K/A BOBBY EARL*                    *Petitioner*
*WILSON A/K/A BOBBY E. WILSON JR.*

*v.*

*STATE OF MISSISSIPPI*                                     *Respondent*

## ORDER

Before the Court is Bobby Wilson's Application for Leave to Proceed in the Trial Court. The Court finds the application is untimely and successive and that it does not qualify under any of the exceptions to the procedural bars. Miss. Code Ann. §§ 99-39-5 and 99-39-27(9) (Rev. 2020). The Court finds the petition should be denied and further finds that the claim raised is frivolous. Previously, the Court warned Wilson that "future filings deemed frivolous could result in monetary sanctions or in restrictions on his ability to file applications for post-conviction collateral relief (or pleadings in that nature) *in forma pauperis*." Order, *Wilson v. State*, No. 2015-M-00131 (Miss. Apr. 28, 2020). The Court finds Wilson should be restricted from filing further applications for post-conviction collateral relief (or pleadings in that nature) that are related to this conviction and sentence *in forma pauperis*. *See* En Banc Order, *Dunn v. State*, No. 2016-M-01514 (Miss. Apr. 11, 2019).

IT IS THEREFORE ORDERED that Bobby Wilson's Application for Leave to Proceed in the Trial Court is hereby denied.

IT IS FURTHER ORDERED that Bobby Wilson is hereby restricted from filing further applications for post-conviction relief (or pleadings in that nature) that are related to this conviction and sentence *in forma pauperis*. The Clerk of this Court shall not accept for filing any further application for post-conviction collateral relief (or pleadings in that

nature) from Wilson that are related to this conviction and sentence unless Wilson pays the applicable docket fee.

TO DENY WITH SANCTIONS: RANDOLPH, C.J., COLEMAN, MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ.

TO DENY WITHOUT SANCTIONS: KITCHENS AND KING, P.JJ.

KING, P.J., OBJECTS TO THE ORDER IN PART WITH SEPARATE WRITTEN STATEMENT, JOINED BY KITCHENS, P.J.

SO ORDERED.

**DIGITAL SIGNATURE**
**Order#:** 235500
**Sig Serial:** 100003319
**Org:** SC
**Date:** 02/26/2021

_James D. Maxwell II_

James D. Maxwell II, Justice

**Bobby E. Wilson, Jr. A/k/a Bobby Earl
Wilson a/k/a Bobby E. Wilson Jr.**

**v.**

**State of Mississippi**


**KING, PRESIDING JUSTICE, OBJECTING TO THE ORDER IN PART WITH SEPARATE WRITTEN STATEMENT:**

¶1.     Today, this Court prioritizes efficiency over justice and bars Bobby E. Wilson from its doors. Because the imposition of monetary sanctions against indigent defendants and the restriction of access to the court system serve only to punish those defendants and to violate rights guaranteed by the United States and Mississippi Constitutions, I strongly oppose this Court's order restricting Wilson from filing further petitions for post-conviction collateral relief *in forma pauperis*.

¶2.     This Court seems to tire of reading motions that it deems "frivolous" and imposes monetary sanctions on indigent defendants. The Court then bars those defendants, who in all likelihood are unable to pay the imposed sanctions, from future filings. In choosing to prioritize efficiency over justice, this Court forgets the oath that each justice took before assuming office. That oath stated in relevant part, "I . . . solemnly swear (or affirm) that I will administer justice without respect to persons, and do equal right to the poor and to the rich. . . ." Miss. Const. art. 6, § 155. Yet this Court deems the frequency of Wilson's filings to be too onerous a burden and decides to restrict Wilson from filing subsequent applications for

post-conviction collateral relief. *See **In re McDonald***, 489 U.S. 180, 186–87, 109 S. Ct. 993, 997, 103 L. Ed. 2d 158 (1989) (Brennan, J., dissenting) ("I continue to find puzzling the Court's fervor in ensuring that rights granted to the poor are not abused, even when so doing actually increases the drain on our limited resources.").

¶3.     Article 3, section 25, of the Mississippi Constitution provides that "*no person* shall be debarred from prosecuting or defending *any civil cause for or against him or herself*, before any tribunal in the state, by him or herself, or counsel, or both." Miss. Const. art. 3, § 25 (emphasis added). Mississippi Code Section 99-39-7 provides that actions under the Uniform Post-Conviction Collateral Relief Act *are civil actions*. Miss. Code Ann. § 99-39-7 (Rev. 2020). Therefore, this State's Constitution grants unfettered access in civil causes to any tribunal in the State. The Court's decision to deny Wilson's filing actions *in forma pauperis* is a violation of his State constitutional right to access to the courts.

¶4.     The decision to cut off an indigent defendant's right to proceed *in forma pauperis* is also a violation of that defendant's fundamental right to vindicate his constitutional rights, for

> Among the rights recognized by the Court as being fundamental are the rights to be free from invidious racial discrimination, to marry, to practice their religion, to communicate with free persons, to have due process in disciplinary proceedings, and to be free from cruel and unusual punishment. As a result of the recognition of these and other rights, the right of access to courts, which is necessary to vindicate all constitutional rights, also became a fundamental right.

Joseph T. Lukens, *The Prison Litigation Reform Act: Three Strikes and You're Out of Court-It May Be Effective, but Is It Constitutional?*, 70 Temp. L. Rev. 471, 474–75 (1997). As United States Supreme Court Justice Thurgood Marshall stated,

> In closing its doors today to another indigent litigant, the Court moves ever closer to the day when it leaves an indigent litigant with a meritorious claim out in the cold. And with each barrier that it places in the way of indigent litigants, and with each instance in which it castigates such litigants for having "abused the system," . . . the Court can only reinforce in the hearts and minds of our society's less fortunate members the unsettling message that their pleas are not welcome here.

*In re Demos*, 500 U.S. 16, 19, 111 S. Ct. 1569, 1571, 114 L. Ed. 2d 20 (1991) (Marshall, J., dissenting). Instead of simply denying or dismissing those motions that lack merit, the Court seeks to punish Wilson for arguing his claims.

¶5.     Although each justice took an oath to do equal right to the poor and rich, this Court does not deny access to the court defendants who are fortunate enough to have monetary resources. Those defendants may file endless petitions, while indigent defendants are forced to sit silently by. An individual who, even incorrectly, believes that she has been deprived of her freedom should not be expected to sit silently by and wait to be forgotten. "Historically, the convictions with the best chances of being overturned were those that got *repeatedly reviewed on appeal* or those chosen by legal institutions such as the Innocence Project and the Center on Wrongful Convictions." Emily Barone, *The Wrongly Convicted: Why more falsely accused people are being exonerated today than ever before*, Time, http://time.com/wrongly-convicted/ (emphasis added) (last visited Nov. 17, 2020). The Washington Post reports that

3

the average time served for the 1,625 exonerated individuals in the registry is more than nine years. Last year, three innocent murder defendants in Cleveland were exonerated 39 years after they were convicted—they spent their entire adult lives in prison—and even they were lucky: We know without doubt that the vast majority of innocent defendants who are convicted of crimes are never identified and cleared.

Samuel Gross, Opinion, *The Staggering Number of Wrongful Convictions in America*, Washington Post (July 24, 2015), http://wapo.st/1SGHcyd?tid=ss_mail&utm_term=.4 bed8ad6f2cc.

¶6. Rather than violating Wilson's fundamental rights by restricting his access to the courts, I would simply find his petition for post-conviction relief lacked merit.

**KITCHENS, P.J., JOINS THIS SEPARATE WRITTEN STATEMENT.**