Electronic Document          Aug 18 2025 13:21:08          2024-M-01275          Pages: 7

**Serial: 257969**

## IN THE SUPREME COURT OF MISSISSIPPI

### No. 2024-M-01275

*LEROY LYNCH*                                                                 *Petitioner*

*v.*

*STATE OF MISSISSIPPI*                                                    *Respondent*

### <u>EN BANC ORDER</u>

Before the en banc Court are Leroy Lynch's Motion for Acquittal and Sentencing Recommendation and his Motion for Leave to File Petition for Writ of Certiorari.

In 2004, this Court affirmed Lynch's capital-murder conviction and death sentence. *Lynch v. State (Lynch I)*, 877 So. 2d 1254, 1284 (Miss. 2004). The Court later granted partial post-conviction relief, remanding the case for a hearing under *Atkins v. Virginia*, 536 U.S. 304, 122 S. Ct. 2242, 153 L. Ed. 2d 335 (2002). *Lynch v. State (Lynch II)*, 951 So. 2d 549, 557 (Miss. 2007). In 2008, the trial court vacated Lynch's death sentence and sentenced him to life without the possibility of probation or parole. Order of Amended Judgment, *Lynch v. State*, No. 06CI2:98-cr-08338 (Bolivar Cnty., Miss., Cir. Ct. Oct. 20, 2008).

Lynch has filed ten prior post-conviction applications and been warned of sanctions for frivolous filings. Order, *Lynch v. State*, No. 2013-M-01571 (Miss. Dec. 8, 2022) (citing Order, *Lynch v. State*, No. 2013-M-01571, at **1, 3 (Miss. Sept. 21, 2022)).

In the acquittal motion, Lynch claims that the evidence was insufficient for several reasons. The alleged errors cannot be harmless, he argues, and their cumulative effect merits relief. So he asks that he be acquitted of capital murder or, alternatively, sentenced to life imprisonment for the lesser-included offense of aiding and abetting.

The leave motion is styled as before and is directed to the Supreme Court of the United States. Lynch claims that the circuit court's failure to respond to his filings deprives him of access to courts. And he alleges equitable tolling and ineffective assistance of counsel.

After due consideration, we find that the acquittal motion is in the nature of a post-conviction application. *See Knox v. State*, 75 So. 3d 1030, 1035 (Miss. 2011) (citing *Edmond v. Miss. Dep't of Corr.*, 783 So. 2d 675, 677 (Miss. 2001)). As such, the claims are time, waiver, and successive-writ barred. *See* Miss. Code Ann. § 99-39-5(2), -21(1), -27(9) (Rev. 2020). No statutory exception is met. *See Howell v. State*, 358 So. 3d 613, 615–16 (Miss. 2023). And even if an exception were met, the claims lack an arguable basis. *See Means v. State*, 43 So. 3d 438, 442 (Miss. 2010).

As for the leave motion, we find that it should be dismissed as improperly before this Court.

As noted, Lynch has been "warned that any future filings deemed frivolous may result not only in . . . monetary sanctions, but also in restrictions on filing applications for post-conviction collateral relief (or pleadings in that nature) *in forma pauperis*." Order, *Lynch v. State*, No. 2013-M-01571, at *3 (Miss. Sept. 21, 2022) (internal quotation marks omitted) (alteration in original) (quoting Order, *Dunn v. State*, No. 2016-M-01514, at *2 (Miss. Nov. 15, 2018)). We find that this filing is frivolous and that sanctions are merited.

IT IS THEREFORE ORDERED that the acquittal motion is denied, and the leave motion is dismissed.

IT IS FURTHER ORDERED that Lynch is hereby restricted from filing further applications for post-conviction collateral relief (or pleadings in that nature) that are related to this conviction and sentence *in forma pauperis*. The Clerk of the Court shall not accept for filing any further applications for post-conviction collateral relief (or pleadings in that nature) from Lynch that are related to this conviction and sentence unless he pays

the applicable docket fee.

SO ORDERED.

TO DENY WITH SANCTIONS: RANDOLPH, C.J., COLEMAN, P.J., MAXWELL, CHAMBERLIN, ISHEE, GRIFFIS, SULLIVAN AND BRANNING, JJ.

TO DENY WITHOUT SANCTIONS: KING, P.J.

KING, P.J., OBJECTS TO THE ORDER WITH SEPARATE WRITTEN STATEMENT.

**DIGITAL SIGNATURE**
**Order#:** 257969
**Sig Serial:** 100010915
**Org:** SC
**Date:** 08/18/2025

_____
T. Kenneth Griffis, Justice

3

Leroy Lynch

v.

State of Mississippi

**KING, PRESIDING JUSTICE, OBJECTING TO THE ORDER WITH SEPARATE WRITTEN STATEMENT:**

¶1. Today, this Court prioritizes efficiency over justice and bars Leroy Lynch from its doors. Because the imposition of monetary sanctions against indigent defendants and the restriction of access to the court system serve only to punish those defendants and to violate rights guaranteed by the United States and Mississippi Constitutions, I strongly oppose this Court's order restricting Lynch from filing further petitions for post-conviction collateral relief *in forma pauperis*.

¶2. This Court seems to tire of reading motions that it deems "frivolous" and imposes monetary sanctions on indigent defendants. The Court then bars those defendants, who in all likelihood are unable to pay the imposed sanctions, from future filings. In choosing to prioritize efficiency over justice, this Court forgets the oath that each justice took before assuming office. That oath stated in relevant part, "I . . . solemnly swear (or affirm) that I will administer justice without respect to persons, and do equal right to the poor and to the rich . . . ." Miss. Const. art. 6, § 155. Yet this Court deems the frequency of Lynch's filings to be too onerous a burden and decides to restrict Lynch from filing subsequent applications for

post-conviction collateral relief. *See **In re McDonald***, 489 U.S. 180, 186–87, 109 S. Ct. 993, 997, 103 L. Ed. 2d 158 (1989) (Brennan, J., dissenting) ("I continue to find puzzling the Court's fervor in ensuring that rights granted to the poor are not abused, even when so doing actually increases the drain on our limited resources.").

¶3.     Article 3, section 25, of the Mississippi Constitution provides that "*no person* shall be debarred from prosecuting or defending *any civil cause for or against him or herself*, before any tribunal in the state, by him or herself, or counsel, or both." Miss. Const. art. 3, § 25 (emphasis added). Mississippi Code Section 99-39-7 provides that actions under the Uniform Post-Conviction Collateral Relief Act *are civil actions*. Miss. Code Ann. § 99-39-7 (Rev. 2020). Therefore, this State's Constitution grants unfettered access in civil causes to any tribunal in the State. The Court's decision to deny Lynch's filing actions *in forma pauperis* is a violation of his State constitutional right to access to the courts.

¶4.     The decision to cut off an indigent defendant's right to proceed *in forma pauperis* is also a violation of that defendant's fundamental right to vindicate his constitutional rights, for

> Among the rights recognized by the Court as being fundamental are the rights to be free from invidious racial discrimination, to marry, to practice their religion, to communicate with free persons, to have due process in disciplinary proceedings, and to be free from cruel and unusual punishment. As a result of the recognition of these and other rights, the right of access to courts, which is necessary to vindicate all constitutional rights, also became a fundamental right.

2

Joseph T. Lukens, *The Prison Litigation Reform Act: Three Strikes and You're Out of Court-It May Be Effective, but Is It Constitutional?*, 70 Temp. L. Rev. 471, 474–75 (1997).

As United States Supreme Court Justice Thurgood Marshall stated,

> In closing its doors today to another indigent litigant, the Court moves ever closer to the day when it leaves an indigent litigant with a meritorious claim out in the cold. And with each barrier that it places in the way of indigent litigants, and with each instance in which it castigates such litigants for having "abused the system," . . . the Court can only reinforce in the hearts and minds of our society's less fortunate members the unsettling message that their pleas are not welcome here.

*In re Demos*, 500 U.S. 16, 19, 111 S. Ct. 1569, 1571, 114 L. Ed. 2d 20 (1991) (Marshall, J., dissenting). Instead of simply denying or dismissing those motions that lack merit, the Court seeks to punish Lynch for arguing his claims.

¶5.     Although each justice took an oath to do equal right to the poor and rich, this Court does not deny access to the court defendants who are fortunate enough to have monetary resources. Those defendants may file endless petitions, while indigent defendants are forced to sit silently by. An individual who, even incorrectly, believes that she has been deprived of her freedom should not be expected to sit silently by and wait to be forgotten. "Historically, the convictions with the best chances of being overturned were those that got *repeatedly reviewed on appeal* or those chosen by legal institutions such as the Innocence Project and the Center on Wrongful Convictions." Emily Barone, *The Wrongly Convicted: Why more falsely accused people are being exonerated today than ever before*, Time, http://time.com/wrongly-convicted/ (emphasis added) (last visited Mar. 27, 2025). The Washington Post reports that

the average time served for the 1,625 exonerated individuals in the registry is more than nine years. Last year, three innocent murder defendants in Cleveland were exonerated 39 years after they were convicted—they spent their entire adult lives in prison—and even they were lucky: We know without doubt that the vast majority of innocent defendants who are convicted of crimes are never identified and cleared.

Samuel Gross, Opinion, *The Staggering Number of Wrongful Convictions in America*, Washington Post (July 24, 2015), http://wapo.st/1SGHcyd?tid=ss_mail&utm_term=.4 bed8ad6f2cc.

¶6.    Rather than violating Lynch's fundamental rights by restricting his access to the courts, I would simply find his petition for post-conviction relief lacked merit.